GRAHAM, Appellant and Cross–Appellee,

v.

GRAHAM, Appellee and Cross–Appellant.

[Cite as *Graham v. Graham* (1994), 98 Ohio App.3d 396.]

Court of Appeals of Ohio,
Greene County.

No. 93–CA–91.

Decided Nov. 4, 1994.

*Dennis J. Adkins,* for appellant and cross-appellee.

*J. Gordon Rudd* and *David A. Orlins,* for appellee and cross-appellant.

BROGAN, Judge.

Appellant Winston E. Graham appeals from a decision of the Greene County Court of Common Pleas on remand modifying its previous award of spousal support.

Winston and Deloris Graham were married on June 24, 1968, and one child, now emancipated, was born as issue of the marriage. On July 22, 1991, Mr. Graham filed a complaint for divorce. Mrs. Graham filed an answer and the matter was heard by a referee on March 4 and June 18, 1992. The referee divided the parties' property and awarded Mrs. Graham spousal support in the amount of $700 per month for nine years. The trial court subsequently adopted the referee's report by judgment entry filed November 4, 1992. Mrs. Graham appealed that decision to this court, arguing that the evidence showed that she should be awarded indefinite spousal support. She also claimed that the trial court abused its discretion in not awarding her a greater amount of spousal support. However, we were unable to review the decision because the trial court had failed to set forth detailed reasoning as to the basis of its spousal support award. As such, we were unable to determine if the trial court had abused its discretion. Thus, we reversed the decision of the trial court and instructed it on remand to set forth its reasoning for awarding spousal support in sufficient detail to enable proper review of its decision.

On November 3, 1993, the trial court conducted a hearing on the issues raised by the remand. Counsel for each party presented arguments, but no new evidence was presented to the trial court. Thereafter, the trial court entered judgment increasing the spousal support award to $810 per month for a period of

twelve years.  In so doing, the trial court reversed its previous finding that $8,800 should be imputed as income to Mrs. Graham and found that no income should be imputed to her.  In making its modified spousal support award, the trial court stated that it had considered both Mr. Graham's physical appearance at the remand hearing and the child support guidelines in formulating the amount of the award, yet failed to mention the factors set forth in R.C. 3105.18.  Further, the trial court did not state any reasons for modifying the original award.

Mr. Graham then filed this timely appeal.

■ In his first assignment of error, Mr. Graham contends that the trial court erred in failing to follow the mandate of the court of appeals on remand.  Mr. Graham claims that the trial court failed to set forth sufficient details concerning the basis of its original spousal support award, and instead simply increased the amount and duration of the spousal support without addressing the original award.  In his third assignment of error, Mr. Graham similarly contends that the trial court erred in failing to provide sufficient details as to the basis of its modified award of spousal support made on remand.  Mr. Graham claims that there is insufficient detail to allow a reviewing court to determine if the modified award is fair, equitable, and in accordance with the law.  In the interest of judicial economy, the first and third assignments of error will be considered together.

In response to the first and third assignments of error, Mrs. Graham agrees that the trial court has erred in failing to explain both its original and modified spousal support awards.

■ It is well established that a trial court has wide discretion in making awards of spousal support.  *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120, 551 N.E.2d 157.  However, the trial court's discretion is not unlimited.  R.C. 3105.18 sets forth a list of factors that must be considered by a trial court when making an award of spousal support.  See *Layne v. Layne* (1992), 83 Ohio App.3d 559, 615 N.E.2d 332.  The trial court must evaluate the evidence in accordance with each factor and then weigh the need for support against the ability to pay.  *Id.;* *Fletcher v. Fletcher* (Aug. 24, 1992), Montgomery App. No. 12942, unreported, 1992 WL 206646.  The decision of the trial court will not be reversed unless the trial court has abused its discretion in making the award.  The trial court abuses its discretion when the decision is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ To enable the reviewing court to determine if an award is fair, equitable, and in accordance with the law, the trial court must "indicate the basis for its award in sufficient detail" to permit proper appellate review.  *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.  If the trial court fails to do

so, the appellate court may remand the matter to the trial court, instructing it to provide adequate reasoning and detail regarding the basis of its decision to permit a proper review. *Id.; Paul v. Paul* (Feb. 9, 1994), Greene App. No. 93–CA–47, unreported, 1994 WL 43097.

In the present case, the trial court originally awarded spousal support to Mrs. Graham in the amount of $700 per month for a term of nine years. On appeal, we remanded the case to the trial court because there was insufficient detail in the trial court's opinion to allow us to determine if an abuse of discretion had occurred. *Graham v. Graham* (Sept. 7, 1993), Greene App. No. 92–CA–114, unreported, 1993 WL 350038. In remanding, we stated:

"Upon the facts of this case we conclude that the trial court has failed to set forth the basis for its spousal support award in sufficient detail to enable this court to determine if it is fair and equitable. Accordingly, we will remand this issue to the trial court for more specific findings concerning the amount and duration of spousal support and for such additional orders as the court may wish to make concerning those matters."

The purpose of the remand was for the trial court to fully set forth its reasoning in awarding spousal support in the amount of $700 per month for nine years. Under our mandate, the trial court was free to modify the award if it found, pursuant to R.C. 3105.18, that the amount of the original award could not be reconciled with the facts of the case. Thus, to comply with the remand, the trial court was to first reexamine the record and expressly state its reasoning for its original award in sufficient detail to permit adequate review of the decision. *Then*, the trial court could modify the award *if* the court found that its original award was inequitable. If it did choose to modify the award, then the court was obligated to set forth its reasoning both for modifying the original award and for setting the amount and duration of the new award in sufficient detail to permit a proper review.

It should be noted that Mr. Graham incorrectly construes the mandate on remand as requiring the trial court to take new evidence and make further factual findings as to spousal support. The remand, however, simply required the trial court to set forth its reasoning for its original award to allow proper review of it. The trial court was neither expected nor authorized to take new evidence on remand.

It is well established that "[w]hen a case is remanded to a trial court from an appellate court, the mandate of that appellate court must be followed." *Kaechele v. Kaechele* (1989), 61 Ohio App.3d 159, 162, 572 N.E.2d 218, 220; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. Thus, to resolve these assignments of error, we must determine if the trial court followed our mandate on remand.

Upon examining the trial court's decision on remand, we find that the trial court again neglected to set forth its reasoning for its original award of spousal support in sufficient detail to allow proper review. In fact, the trial court's decision does not even mention the original award of spousal support. Instead, the trial court simply modified the award to $810 per month for a term of twelve years. Although the trial court had the authority to modify the award on remand, the trial court did not set forth its reasoning for finding such a modification necessary.

Further, the trial court failed to set forth sufficient reasoning for its decision to set the modified award at $810 per month for twelve years. Again, the trial court failed to address any of the relevant factors of R.C. 3105.18 which it is required to consider in making an award. See *Kaechele, supra; Paul, supra.* The trial court did set forth two meager reasons for its decision—the physical appearance of Mr. Graham and the child support guidelines. Nonetheless, we have no indication of whether these factors formed the only basis of the decision or whether other relevant criteria, including the factors listed in R.C. 3105.18, were considered by the court. Thus, the trial court's decision is again deficient.

Moreover, we find that the trial court's consideration of the two factors, even if other relevant criteria were also considered, is arbitrary and unreasonable and, therefore, constitutes an abuse of discretion. See *Blakemore, supra.*

First, the trial court improperly considered the physical appearance of Mr. Graham in setting the modified amount of spousal support. On remand, the trial court found that Mr. Graham was not in good physical condition: "The Court has seen Mr. Graham and he does not look as though he is in the best of condition for a man of fifty-four years of age. Consequently, [Mrs. Graham's] request for $300.00 per week is denied." Although the physical condition of the parties is one of the listed factors in R.C. 3105.18, the trial court's finding that Mr. Graham was in poor physical condition was not based on proper evidence.

Apparently, the trial court based this finding solely on the physical appearance of Mr. Graham at the hearing on remand. Such a finding is improper without being substantiated by evidence produced at trial. We recognize that a court may take into consideration a witness's appearance and demeanor when making a factual finding. However, such evidence must be "adduced from the witness stand." *State v. May* (1974), 40 Ohio App.2d 342, 69 O.O.2d 310, 319 N.E.2d 405. Mr. Graham did not testify at the hearing on remand and no other evidence was presented at the hearing to indicate that Mr. Graham was in poor health. Apparently, there was also no evidence produced during the original hearing that Mr. Graham was in poor health. Since the trial court's finding was not based on evidence, its rationale for making the award is unreasonable and constitutes an abuse of discretion.

Moreover, our remand did not authorize the trial court to make new *factual* findings in connection with the award. Rather, the trial court was merely instructed to review the existing evidence and rationally base its award on such evidence setting forth its basis for doing so. Because trial courts are without authority to extend the mandate given, the new finding exceeds the scope of the remand. See *Nolan, supra.*

■ The trial court also improperly considered the child support guidelines in modifying the spousal support award. The trial court stated in its opinion, "The Court has considered the factors of the amount that would be paid under our current child support guidelines * * *." We recognize that in setting the amount of child support, the trial court may consider any relevant factor in addition to the factors listed in R.C. 3105.18(C)(1). We also recognize that in certain cases, the child support guidelines might be relevant in setting the spousal support amount. However, we fail to see the relevancy of the child support guidelines to this case. The parties do have one child, but that child was emancipated before the filing of the original complaint. There is no child support paid to or by either party in this case. Thus, we fail to see the relevancy of the child support guidelines in setting the amount of spousal support. The consideration of the guidelines is arbitrary and constitutes an abuse of discretion.

Mr. Graham's first and third assignments of error are sustained.

■ In his second assignment of error, Mr. Graham contends that the trial court erred in finding that no income should be imputed to Mrs. Graham. In support of this assignment of error, Mr. Graham argues that this finding exceeded the scope of the remand. Mr. Graham alternatively argues that the finding was an abuse of discretion and against the manifest weight of the evidence.

In its original decision, the trial court made a finding that Mrs. Graham was capable of earning $8,800 per year and therefore imputed this amount to her as income in determining the spousal support award. On remand, the trial court apparently changed its mind and decided not to impute any income to Mrs. Graham even though no new evidence as to her ability or health was presented to the trial court.

It is well established that upon remand from an appellate court, a lower court must proceed from the point at which the error occurred. *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112, 23 O.O.3d 160, 431 N.E.2d 324. Pursuant to the "law of the case" doctrine:

"[W]hen the trial court is permitted or required to proceed to final judgment from the point where the first error is committed, and may and does in so proceeding start at the point in the case where all the evidence has been

introduced and the parties have rested their respective cases, then the trial court may not arrive at any different conclusions on the evidence than it did at the first trial except to correct and overcome the specific error or errors found by the Court of Appeals." *Miller v. Miller* (1960), 114 Ohio App. 234, 239, 19 O.O.2d 108, 110, 181 N.E.2d 282, 285.

In the present case, the trial court on remand was simply instructed to set forth the reasoning for its original award of spousal support or to modify the award if the original award could not be reconciled with the facts of the case. The trial court was not instructed to review or modify its imputation of income to Mrs. Graham. In fact, in our opinion we noted that Mrs. Graham "suffers from various ailments which, though they do not preclude her from obtaining some kind of employment, limit the type of work she can perform." As a trial court is without authority to exceed the mandate given, we find that the trial court exceeded the scope of the remand in reexamining the imputation of income to Mrs. Graham. See *Nolan, supra.* Accordingly, Mr. Graham's second assignment of error is sustained.

Mrs. Graham presents four assignments of error on cross-appeal. Her first, second, and fourth assignments of error present closely related questions and will thus be addressed together.

In her first assignment of error, Mrs. Graham contends that the trial court erred in considering Mr. Graham's physical appearance in setting the amount of spousal support. In her second assignment of error, Mrs. Graham contends that the trial court erred in considering the child support guidelines in setting the amount of support. In her fourth assignment of error, Mrs. Graham contends that the trial court abused its discretion in setting the amount of the modified spousal support award because the trial court considered Mr. Graham's physical appearance and the child support guidelines in setting the amount and because the trial court failed to weigh Mrs. Graham's needs against Mr. Graham's ability to pay. We first note that most of these issues have been addressed in our disposition of Mr. Graham's first and third assignments of error.

As to the final issue listed above, we would point out that we are unable to determine whether the trial court weighed Mrs. Graham's need against Mr. Graham's ability to pay when modifying the spousal support as the trial court failed to set forth its reasoning for the award. As stated above, we find that the consideration of Mr. Graham's physical appearance and the child support guidelines was arbitrary and unreasonable and therefore constitutes an abuse of discretion. Accordingly, Mrs. Graham's first, second, and fourth assignments of error are sustained.

In her third assignment of error, Mrs. Graham contends that the trial court erred in failing to follow the law of the case in ordering spousal support for a period of twelve years. In support of this assignment of error, Mrs. Graham argues that on appeal of the original award of spousal support, we found that Mrs. Graham should receive permanent spousal support and thus the trial court erred in failing to follow the law of the case on remand.

In our disposition of the prior appeal in this case, we examined the evidence and stated that in our opinion, Mrs. Graham's situation probably did fit within the exceptions of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, and thus should receive indefinite spousal support. However, we did *not* find that the trial court abused its discretion in awarding spousal support for a period of nine years. Rather, we found that we did not have sufficient information as to the trial court's reasoning to determine if an abuse of discretion had occurred:

"With respect to the duration of spousal support, we are unable to determine why the trial court concluded that it should terminate after nine years. It may be that the court believed that nine years is sufficient time for Mrs. Graham to become self-supporting. If so, the court can so state and recite its reasons why, permitting this court to perform the necessary appellate review." *Graham v. Graham* (Sept. 7, 1993), Greene App. No. 92–CA–114, unreported, 1993 WL 350038.

Thus, on remand, the trial court was obligated to set forth sufficient reasoning for its original award of spousal support to permit our review, but was *not* obligated to award indefinite support. Accordingly, Mrs. Graham's third assignment of error is overruled.

The judgment of the trial court will be reversed. The case is again remanded to the trial court for proceedings consistent with this opinion. On remand, the trial court is instructed to review the existing evidence and set forth its reasoning for its original spousal support of $700 per month for nine years. If the trial court is unable to reconcile this award with the facts of the case and the statutory criteria of R.C. 3105.18, the court may modify the award setting forth the specific reasons why the original award was inequitable. The trial court must then set forth the basis of its modified award in sufficient detail to allow review of its decision.

*Judgment reversed*
*and cause remanded.*

FAIN and FREDERICK N. YOUNG, JJ., concur.