Defendant-appellant and cross-appellee Gary J. Donese appeals from a judgment and decree of divorce, as it pertains to spousal support. Plaintiff-appellee and cross-appellant Betty G. Donese appeals from the judgment and decree of divorce, as it relates to the division of certain assets and debts, and as to its disposition of the issue of health insurance.
We conclude that the trial court did not abuse its discretion as to either the amount or duration of the spousal support award. However, we conclude that the trial court did abuse its discretion by failing to provide an effective mechanism for Ms. Donese to realize the value of the marital property awarded to her. We find that the trial court's rulings regarding the debts on the marital residence and the reimbursement of medical expenses require clarification. We also conclude that the trial court abused its discretion by failing to require Mr. Donese to reimburse the cost of Ms. Donese's health insurance premium in accordance with R.C.3105.71(B)(1). Accordingly, the judgment of the trial court isAffirmed in part, Reversed in part, and this cause is Remanded
for further proceedings consistent with this opinion.
 I
The parties were married in early 1990. For approximately four years during the marriage, Ms. Donese worked in Mr. Donese's home development and construction business (Donese Custom Homes, Glengarry Homes, and Donese Development), earning an annual income of $20,000.
Ms. Donese filed this action for divorce in July, 1996. A decree of divorce was entered in January, 1997. A hearing on all issues of property disposition and support was held in March, 1997, at which time the parties stipulated to the division of most of the marital property as well as to the division of their separate, non-marital property. Of relevance to this appeal are the parties' two major marital assets; specifically, the marital residence and a one-half interest held by Mr. Donese in a business known as "Store-N-Lock" (a storage unit facility located in Beavercreek). The parties stipulated that the residence had a value of $415,000, and was encumbered by debts in the amount of $399,000. The parties also stipulated that the Store-N-Lock had a value of $815,000 and a mortgage indebtedness of $453,279.85. They further stipulated that they would equally divide Mr. Donese's one-half interest in the Store-N-Lock.
Ms. Donese testified that during the marriage she had loaned $16,500 to Mr. Donese for his businesses. She further testified that Mr. Donese had accumulated significant debt on his construction businesses, and that she had been required to co-sign for approximately $1,000,000 in loans to the businesses.
She further testified that she had a medical condition requiring annual medical testing costing approximately $3,000. Ms. Donese also testified that during the marriage she was covered by Mr. Donese's policy of health insurance. According to both parties, Mr. Donese caused the policy to be terminated on October 31, 1996. Ms. Donese testified that she was unaware of the termination until her opportunity to obtain COBRA coverage had expired. She testified that she was having difficulty obtaining health insurance coverage due to her pre-existing medical condition.
On June 11, 1997, the trial court filed a judgment entry. Of significance to this appeal, the trial court awarded Ms. Donese spousal support in the sum of $587 per month. Ms. Donese was awarded one-half of Mr. Donese's interest in the Store-N-Lock, and Mr. Donese was ordered to repay her the sum of $16,500, which she had loaned to him. The trial court ordered the sale of the marital residence with the equity, after payment of all mortgages and liens, being equally divided between the parties. The trial court also ordered Mr. Donese to reimburse Ms. Donese for all medical expenses incurred as a result of the termination of the health insurance policy. All business debts related to Donese Custom Homes, Glengarry Homes, and Donese Development were assigned to Mr. Donese.
From this judgment, Mr. Donese appeals, and Ms. Donese cross-appeals.
 II
Mr. Donese's First Assignment of Error states as follows:
 THE TRIAL COURT IMPROPERLY CLASSIFIED APPELLANT'S $2000 PER MONTH ANNUITY AS INCOME FOR PURPOSES OF CALCULATING APPELLANT'S SPOUSAL SUPPORT OBLIGATION.
Mr. Donese contends that the trial court abused its discretion by considering his monthly annuity payments as income for purposes of calculating his spousal support obligation, because the annuity payments constitute his separate property, pursuant to R.C. 3105.171(A)(6). There is no dispute that the monthly annuity payments are a non-marital asset.
Awards of spousal support are governed by R.C. 3105.18. Of significance to this assigned claim of error is R.C.3105.18(C)(1)(a), which provides that in making a determination regarding spousal support, the trial court shall consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code." This language authorizes the trial court to consider income disbursed as a spouse's separate property pursuant to R.C.3105.171(D).
Furthermore, we have held that a trial court, in awarding spousal support, must also consider the obligor's ability to pay.Graham v. Graham (1994), 98 Ohio App.3d 396, 399. Thus, Mr. Donese's income from non-marital property could properly be considered in making a determination of his ability to pay support. See also Marcum v. Marcum (1996), 116 Ohio App.3d 606,610-611, in which we recognized that a trial court may order a party to pay spousal support out of separate property, thereby also indicating that non-marital property appropriately be considered in determining spousal support. Therefore, we find that the trial court did not abuse its discretion by taking into account income from a non-marital asset.
Our conclusion is in accord with Kilcoyne v. Kilcoyne (Feb. 29, 1996), Cuyahoga App. No. 67926, unreported, and Simmons v.Simmons (May 10, 1996), Trumball App. No. 95-T-5237, unreported. See also Baldwin's Ohio Domestic Relations (1997), 59, Section 13.03(B)(1), (income derived from non-marital separate property may be considered when determining both the amount of, and the ability to pay, spousal support).
Mr. Donese's First Assignment of Error is overruled.
 III
Mr. Donese's Second Assignment of Error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN SETTING THE AMOUNT AND DURATION OF THE SPOUSAL SUPPORT AWARDED TO APPELLEE.
Mr. Donese argues that the trial court, in awarding Ms. Donese the sum of $587 per month as spousal support, abused its discretion both as to the amount and the duration of the award.
We first turn our attention to Mr. Donese's argument regarding the amount of the award. This portion of his argument is not entirely clear; however, from our reading of his appellate brief, we have discerned three possible areas of contention. First, it appears that Mr. Donese believes the trial court erred by considering his sources of income, specifically the monthly annuity and the income from the Store-N-Lock, in determining the appropriate amount to award. Second, although he does not state a reason, he appears to take issue with the fact that the trial court imputed full-time minimum wage to him in making its award. Finally, while not specifically argued, he seems to believe that the statutory factors of R.C. 3105.18(C)(1) do not justify the amount of the award.
It is well established that a trial court has wide discretion in making awards of spousal support. Bolinger v. Bolinger (1990),49 Ohio St.3d 120, 122. The decision of the trial court will not be reversed unless the trial court abuses its discretion in making the award. Graham v. Graham, supra, at 399. An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,505.
As previously noted in the First Assignment of Error, the trial court did not err by considering Mr. Donese's monthly annuity. Likewise, the trial court certainly did not abuse its discretion by considering the income from the Store-N-Lock, which was deemed a marital asset.
Additionally, we find that the trial court acted within its discretion by imputing a minimum wage to Mr. Donese. R.C.3105.18(C)(1)(b) requires the trial court to consider the "relative earning abilities of the parties" when making decisions regarding support. "When considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a `person could have earned if he made the effort.'" Petrusch v. Petrusch (March 7, 1997), Montgomery App. No. 15960, unreported, quoting Miller v. Miller (Dec. 28, 1994), Montgomery App. No. 14540, unreported. Thus, we have found that a trial court may impute income when making a determination to award spousal support. Petrusch.
In this case, it appears that Mr. Donese was not actively working at the time of the divorce. However, the record reveals that prior to, and during the marriage, he had been actively working as a custom-home builder; in fact, he owned several custom-home building companies. The record also reveals that Mr. Donese, at the time of the divorce, was actively pursuing contracts to construct Store-N-Lock storage unit buildings in several different locales. Thus, we conclude that the trial court could reasonably impute a minimum-wage income to Mr. Donese based on both his experience as a home-builder and his testimony that he was planning to continue working in the construction business.
Mr. Donese next appears to argue that the amount of the support award was not merited. Again, he fails to state his reasons for this argument. We note that the trial court did not specifically state the basis for its award. However, the record indicates that Mr. Donese did not request specific findings pursuant to Civ. R. 52. Therefore, as a reviewing court, we will presume that the trial court considered all factors listed in R.C.3105.18(C)(1), and all other relevant factors. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 356.
Our review of the record supports the amount of the award based upon the following factors: (1) Ms. Donese was 53 at the time of the divorce, and had a medical condition requiring medical treatment; (2) the parties maintained what appears from the record to be a high standard of living during the marriage; (3) Ms. Donese had co-signed several loans for the benefit of Mr. Donese's construction businesses, as a result of which she was potentially subject to immense liability on those debts. See R.C.3105.18(C)(1)(c), (g), and (i). Accordingly, we cannot say that the trial court abused its discretion in setting the amount of the support award.
We finally address the issue of the duration of the support award. Mr. Donese's argument rests on his claim that the court issued a support order that was "in reality an award for life" because it did not place a cap on the length of time he was required to pay support. We cannot agree with this contention. The trial court specifically retained jurisdiction over the support award. Therefore, Mr. Donese is free to petition the court for a reduction or termination of the support award at any time that a change of circumstances would warrant. See R.C.3105.18(E).
Mr. Donese's Second Assignment of Error is overruled.
 IV
Ms. Donese's First Cross-Assignment of Error states:
 THE COURT OF COMMON PLEAS FAILED TO PROVIDE FOR A MECHANISM FOR THE WIFE TO COLLECT HER VARIOUS MARITAL INTERESTS.
Ms. Donese contends that the trial court abused its discretion because it did not delineate any terms for the payment to her of her interest in the Store-N-Lock or for the repayment of the $16,500 loan she made to Mr. Donese during the marriage.
A review of the pertinent portions of the Judgment Entry discloses the following provisions regarding the division of the Store-N-Lock and the repayment of the loan:
 As for the Beavercreek Store-N-Lock, the parties have stipulated that Defendant owns one-half of the interest and that Plaintiff is entitled to one-half of Defendant's interest. Therefore, the Court finds that Plaintiff is entitled to one-half of Defendant's half if and when sold. Meantime, any income Defendant receives from the Beavercreek Store-N-Lock is Defendant's alone. (Emphasis added).
 However, the Court does ORDER Defendant to pay Plaintiff $16,500 which the Court finds Plaintiff loaned to Defendant.
No other reference is made to the division and distribution of these assets.
The wording of the order regarding the Store-N-Lock implies that if Mr. Donese never sells his interest in the facility, he never has to pay Ms. Donese her interest in it. In fact, Mr. Donese has no incentive to sell his interest; by not selling it, he can continue to enjoy any profits from the operation of the facility. As the order now stands, Ms. Donese may never realize any benefit from the division of this asset.
Furthermore, the order regarding the repayment of the loan does not specify any date for the repayment of the loan. Thus, as Ms. Donese points out, she is losing potential interest income on those monies. Again, the wording of the court order gives Mr. Donese no incentive to repay the monies.
We agree with Ms. Donese that the trial court's failure to provide a mechanism for the collection of these interests constitutes an abuse of discretion. There are a number of arrangements that would constitute a reasonable mechanism for the collection of these assets. For example, the trial court could order Mr. Donese to sell his interest in the Store-N-Lock pursuant to R.C. 3105.171(J)(2). The court could also set forth an installment payment plan, or lump-sum payment date, for the interest in the Store-N-Lock, the repayment of the loan, or both. This court will not presume to exercise the discretion of the trial court by determining how to effectuate the collection of these assets. Instead, we remand this cause to the trial court for reformation of the judgment and decree of divorce to provide an effective method for Ms. Donese to realize her interest in the Store-N-Lock and repayment of her loan, in accordance with this opinion.
Ms. Donese's First Cross-Assignment of Error is sustained.
 V
Ms. Donese's Second Cross-Assignment of Error is as follows:
 THE COURT OF COMMON PLEAS FAILED TO PROPERLY DIVIDE NON-MARITAL DEBT WHEN DIVIDING THE MARITAL RESIDENCE.
Ms. Donese contends that the trial court abused its discretion by holding the parties equally responsible for all mortgage and lien encumbrances on the marital residence despite the fact that a portion of the debt is actually business debt accumulated by Mr. Donese's home building businesses.
The portion of the court's judgment regarding the division of the marital residence reads as follows:
 As stipulated by the parties, the marital residence located at 2837 Stone Mill Place, Beavercreek, OH has been listed for sale for $415,000 and the first and second mortgages total approximately $399,000. The Court hereby ORDERS both parties to use the proceeds of such sale to pay off all of the mortgages and indebtedness and liens against the house. Once those are satisfied, the parties are instructed to divide the remaining proceeds equally between them, if there are any monies left.
This provision holds Ms. Donese responsible for one-half of all debts secured by the marital residence. However, Ms. Donese argues that the court should only have held her responsible for the mortgage of $112,000 with CitFed, which is a marital debt. She maintains that the remaining encumbrances should have been the sole responsibility of Mr. Donese because they were debts incurred for the benefit of Donese Custom Homes, Glengarry Homes, and Donese Development; and as noted above, the trial court, in a different portion of the judgment, specifically assigned all debts from these entities to Mr. Donese.
Ms. Donese submitted several exhibits, specifically exhibits 53, 54, 55 and 56, which she contends support her claim that a portion of the encumbrances on the marital residence were business debts. However, Ms. Donese did not submit copies of the actual liens. Rather, her exhibits are self-made documents which list all the business debt liens filed against the residence. We note that while Ms. Donese contends that the parties stipulated to the amount of the encumbrances and to the fact that much of the debt on the house was business-related, the record shows that the stipulation was limited to the amount of the debt.
It is possible that the apparent conflict between the provision assigning all the business debts to Mr. Donese and the provision holding Ms. Donese liable for one-half of the encumbrances on the marital residence was merely the result of an oversight by the trial court. However, it is also possible that the trial court concluded that Ms. Donese did not support her claim that some of the debt owed on the house was business-related, and that it thus, did intend to hold her responsible for one-half of the debt. From the record before us, we are unable to determine the reasoning behind the trial court's ruling. Therefore, we are compelled to remand this issue to the trial court for clarification.
Accordingly, Ms. Donese's Second Cross-Assignment of Error is sustained.
 VI
Ms. Donese's Third Cross-Assignment of Error states as follows:
 THE COURT OF COMMON PLEAS FAILED TO AWARD THE WIFE COMPENSATION FOR THE HUSBAND'S WILFUL CANCELLATION OF HEALTH INSURANCE.
Ms. Donese contends that the trial court erred because it did not order Mr. Donese to pay for her health insurance premiums and to pay her medical bills incurred after Mr. Donese canceled her coverage under his health insurance policy.
R.C. 3105.71(A) provides, in pertinent part, as follows:
 If a party to an action for divorce, * * * was the named insured or subscriber under, or the policyholder, * * * of, a policy, contract, or plan of health insurance that provided health insurance coverage for his spouse and dependents immediately prior to the filing of the action, that party shall not cancel or otherwise terminate or cause the termination of such coverage for which the spouse and dependants would otherwise be eligible until the court determines that the party is no longer responsible for providing such health insurance coverage for his spouse and dependents.
The statute "further provides that if the responsible party fails to provide coverage, the court shall issue an order requiring that the party pay the spouse the amount of premium or contribution he failed to make and requiring that the party reimburse his spouse for [medical] expenses incurred as a result of the failure to provide coverage." Jones v. Jones (Dec. 13, 1996), Champaign App. No. 95-CA-22, unreported, emphasis added. The use of the word "shall" in the statute indicates that the remedies stated for violation of the statute are mandatory.
The trial court found that, prior to the divorce, Ms. Donese had been covered by Mr. Donese's policy of health insurance. The trial court further found that Mr. Donese terminated that coverage in violation of R.C. 3105.71, and that he failed to notify Ms. Donese of the termination. Based upon its findings, the court issued the following order in the divorce decree:
 Defendant is NOT ordered to continue carrying Plaintiff on his health insurance, if he has any. However, Defendant is hereby ORDERED to pay all medical expenses less the first $100.00 incurred by Plaintiff which would otherwise have been paid by the insurance company had Defendant not canceled the insurance policy. Plaintiff, however, is responsible for the first $100.00. The Court further finds that a finding of contempt pursuant to Motions for Contempt is the best way to address Defendant's termination of health insurance for the Plaintiff.
Our review of the record supports the trial court's finding that Mr. Donese violated R.C. 3105.71 by terminating health insurance coverage for Ms. Donese. Furthermore, Ms. Donese's uncontroverted testimony indicates that she was not notified of the termination of the policy until the time to exercise her COBRA coverage option had expired. Ms. Donese also testified that, at the time of the hearing, she had been unable to obtain other health insurance coverage due to her pre-existing medical condition.
Our review of the court's order indicates that, contrary to Ms. Donese's assertions, the trial court did require Mr. Donese to reimburse her for her medical expenses. However, we conclude that the trial court's order regarding the violation of R.C. 3105.71 is inadequate for the reasons set forth below. The order reveals no basis for the decision to require Ms. Donese to pay the "first $100.00" of her medical bills. Furthermore, we cannot ascertain whether the language of the order requires Ms. Donese to make a one-time payment of the "first $100" of all expenses incurred by reason of the termination, or whether she must pay that amount every office visit, every month, or even every year. We might surmise that the $100 represents a one-time deductible that she would have been required to pay had the policy remained in effect; such an order would be permissible under the plain language of the statute. However, since any interpretation of the order would be pure speculation on our part, we must remand that portion of the order for clarification.
Additionally, we note that the trial court failed to require Mr. Donese to pay Ms. Donese "the amount of any premium he failed to pay * * * that resulted in his failure to provide health insurance coverage". See R.C. 3105.71(B)(1). Therefore, on remand, the trial court must also address this issue.
We would also note that we do not interpret the remedies set forth in R.C. 3105.71(B)(2) as assigning to Mr. Donese the permanent responsibility for the payment of Ms. Donese's medical expenses. Rather, we conclude that Ms. Donese must continue to make reasonable attempts to obtain other health insurance coverage; once she has successfully obtained such coverage, Mr. Donese's obligations regarding her medical expenses would terminate.
Ms. Donese's Third Assignment of Error is sustained.
 VII
Mr. Donese's Assignments of Error having been overruled, and Ms. Donese's Cross-Assignments of Error having been sustained, the judgment of the trial court is Reversed insofar as it relates to the issues of the award of Ms. Donese's interest in Store-N-Lock, the repayment of her loan of $16,500 to Mr. Donese, the disposition of the debts secured by liens against the marital residence, and payment of Ms. Donese's medical expenses and upaid insurance premiums; the judgment of the trial court is Affirmed in all other respects, including specifically the awarding of a divorce; and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN, and WOLFF, JJ., concur.
Copies mailed to:
Jacquelyn J. Kuhens
G. Jack Davis, Jr.
Hon. Judson Shattuck