JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the domestic relations division of the common pleas court finding that plaintiff-appellant, Kathy Gray, was entitled to a divorce from defendant-appellee, Michael Gray. The court awarded appellant custody of the parties' two minor children and ordered appellee to pay child support of $382.34 per month per child. The court awarded appellant spousal support of $500 per month until appellant's remarriage or the death of either party, up to five years. Appellee was also ordered to pay appellant reasonable attorney fees, which the court determined to be $5,000.
In four assignments of error, appellant contends:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT AWARDING WIFE SUFFICIENT MEANS TO PROVIDE FOR HER FAMILY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING WIFE SPOUSAL SUPPORT WHICH IS INADEQUATE AND UNFAIR.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN AWARDING THE RESIDENTIAL HOME TO THE WIFE WHEN THE MORTGAGE AND COSTS FOR REPAIRS EXCEEDED ITS FAIR MARKET VALUE AND THE WIFE WAS PROVIDED NO VIABLE REMEDY OR MEANS OF SELLING THE HOUSE TO DOWN-SIZE TO SOMETHING MORE AFFORDABLE AND IN LINE WITH HER AVAILABLE CASH FLOW.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT AWARDING WIFE THE FULL AMOUNT OF HER REQUESTED ATTORNEY'S FEES.
Appellee has not responded. Cf. App.R. 18(C). We find the trial court failed to make findings sufficient to support its spousal support award; therefore, we remand for further findings of fact pursuant to R.C.3105.18. We find no error in the trial court's orders regarding the division of marital property and attorney fees and affirm those parts of its decision.
 FACTS AND PROCEDURAL HISTORY
Appellant does not challenge the trial court's factual findings, so we accept them as true. The parties were married on November 12, 1983. Two children were born of the marriage: David Michael, born December 13, 1983; and Shawn Thomas, born August 4, 1987. Their marital residence had a stipulated value of $82,000 and a mortgage of $84,000; the mortgage payments of $916 per month were in arrears. The only other marital asset of value was appellee's pension/retirement benefits.
The parties had two significant debts in addition to the mortgage. First, the parties had a loan from City Loan with a balance due of $2,200. Second, the parties owed appellant's father some $27,949.17 on a promissory note.
Appellee, age 44, earns $50,000 per year at Duquesne Lighting in Pittsburgh, Pennsylvania, while appellant, age 37, earns $17,000 as an account service representative at Sears. Appellee claimed monthly expenses of $3,100, while appellant claimed monthly expenses of $3,700.
The court awarded the marital home to appellant, equally dividing appellee's pension/retirement benefits among the parties. The parties retained their own automobiles. The court ordered appellee to pay the debt to City Loan but held each party responsible for one-half of the amount due to appellant's father. The court specifically found this constituted an equal division of property.
Appellee was ordered to pay child support totaling $779.97 per month (including a 2% processing charge). He was further ordered to pay $500 per month as spousal support, subject to the death of either party, the remarriage of spouse receiving spousal support or five (5) years, whichever first occurs. Finally, the court found plaintiff was entitled to reasonable attorney fees, which the court determined to be $5,000.
 LAW AND ANALYSIS
Appellant's first two assignments of error challenge the court's award of spousal support and will be considered together. We review the trial court's support award for abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies that a court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3105.18 sets forth a list of factors a court must consider when making an award of spousal support. These include the parties' income and relative earning abilities; their ages and physical, mental and emotional conditions; their retirement benefits; the duration of the marriage; the standard of living established during the marriage; the relative extent of the parties' education; their relative assets and liabilities; the time and expense necessary for the spouse seeking support to acquire education, training or job experience so the spouse will be qualified to obtain appropriate employment; and lost income production capacity of either party that resulted from that party's marital responsibilities.
The trial court must evaluate the evidence in accordance with each factor and then weigh the need for support against the ability to pay. Graham v. Graham (1994), 98 Ohio App.3d 396, 399. In addition, [t]he trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, paragraph two of the syllabus.
Although the trial court's judgment cited evidence relevant to many of the statutory factors, it failed to evaluate this evidence in its opinion. A mere recitation of the evidence is an insufficient basis for this court to review the appropriateness of the amount, terms and duration of a spousal support award. We refuse to speculate regarding the deliberative process employed by the trial court in reaching its spousal support award. Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 607. Accordingly, we must reverse and remand for additional findings of fact. See, e.g., Kaechele, 35 Ohio St.3d 93; Orley v. Orley (Jan. 22, 1998), Cuyahoga App. No. 72789, unreported; Shepherd v. Shepherd (Aug. 31, 1995), Cuyahoga App. No. 68242, unreported.
The third assignment of error contends the trial court abused its discretion by awarding appellant the marital home. Appellant claims she cannot afford to pay the mortgage, but she cannot sell it because the mortgage exceeds the value of the home and the home is in need of substantial repairs. She argues that the court should have provided her with a remedy for this dilemma.
The home was awarded to appellant as part of the division of marital property. Pursuant to R.C. 3105.171(C), as a general matter, the division of property shall be equal. The court here specifically determined that its property division was equal. Although the award of the home amounted to the allocation of a $2,000 debt to appellant, the court allocated to appellee the $2,200 debt to City Loan and equally divided all other assets and liabilities among the parties. The court was not required to devise a plan for appellant to dispose of the house without losing money. Appellant is responsible for managing her own finances. Therefore, the third assignment of error is overruled.
Finally, appellant argues that the court erred by awarding her only $5000 for attorney fees. R.C. 3105.18(H) allows the court to award reasonable attorney fees if it determines that the other party has the ability to pay and considers whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees. This court's review of an award of attorney fees is limited to a determination whether (1) the factual considerations on which the award was based are supported by the manifest weight of the evidence, or (2) the trial court abused its discretion. See, e.g., Meister v. Meister (Oct. 12, 1999), Cuyahoga App. No. 77110, unreported.
At trial, appellant's counsel orally represented to the court that he had expended 35.5 hours on this matter prior to the day of trial.[1] He also informed the court that his hourly rate was $140 per hour; he did not charge a higher rate for court appearances. The court's award of $5,000 actually gave appellant slightly more than the $4970 (35.5 hours x $140 per hour) she requested at trial.
The court could properly find untimely appellant's subsequent efforts to increase the amount of her request for fees. Appellant did not submit any additional documentation to support an increased award until after the court had already issued a decision. That decision did not address attorney fees, so appellant's counsel requested reconsideration and attached additional evidence to its motion. The court treated this as a motion under Civ.R. 60(A) to correct a clerical mistake and granted it. Given this treatment of appellant's motion as a motion to correct a clerical error, the court could properly refuse to consider additional evidence. Accordingly, we find no abuse of discretion in the award of attorney fees in accordance with appellant's request at trial.
Therefore, we affirm the trial court's division of marital property and its award of attorney fees to appellant. We reverse the award of spousal support and remand for additional findings of fact.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ KENNETH A. ROCCO, JUDGE:
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J. CONCUR.
[1] At trial, counsel represented that Exhibit 19 was an itemized statement of [his] time, which prior to [the day of trial] amounted to 35.5 hours. However, the Exhibit 19 included in the record reflects time expended on and after the day of trial and documents attorney time totaling 50.5 hours. Even excluding consideration of the trial and post-trial hours listed on the statement, the attorney time documented there exceeds the 35.5 hours counsel told the court was shown by the exhibit. There is also a statement of expense attached to the new exhibit which was not discussed at trial. Obviously, the Exhibit 19 in the record is not the exhibit that was submitted to the court on the day of trial.