| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

TAMMY J. MANOS

    Appellant

    v.

CHRIS G. MANOS

    Appellee

C.A. No.     26017

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007 04 1331

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

---

GALLAGHER, J.

{¶1} Appellant, Tammy J. Manos ("Wife"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that was issued on June 8, 2011. For the reasons that follow, we reverse the decision of the trial court and remand for corrections to the judgment entry of divorce.

{¶2} On December 2, 2008, the trial court issued a judgment entry of divorce for Wife and appellee, Chris G. Manos ("Husband"). Wife appealed that judgment. In relevant part, the appellate court found that there were inconsistencies as to the duration of spousal support requiring clarification, that there were inconsistencies with the findings of fact as to who was responsible for certain bills, and that the trial court erred by not determining the amount of arrearage Husband owed to Wife, including with regard to temporary spousal support. *Manos v. Manos*, 9th Dist. No. 24717, 2010-Ohio-1178, ¶ 30, 38-43 ("*Manos* I"). The case was remanded for the trial court to address these issues. *Id.*

{¶3} Upon remand, the trial court conducted a hearing. Thereafter, the court issued a judgment entry on June 8, 2011, which reprinted its earlier judgment with modifications. The court again found Wife was entitled to spousal support for nine years and recognized husband had been paying for nearly two years. The court then ordered a spousal support term of 84 consecutive months, from the time of judgment. The court further found Husband was responsible for an arrearage of $4,955 for utilities, medical expenses, condo fees, and auto repairs, and that "spousal support was current." It is from this judgment that Wife now appeals.

{¶4} Wife raises two assignments of error for our review, which provide as follows:

1. The trial court erred by failing to incorporate in its judgment entry the term of spousal support agreed to by the parties.

2. The trial court erred by failing to incorporate in its judgment entry the parties' agreement regarding the amount owed by Mr. Manos for Temporary Support Arrearages.

{¶5} A trial court must follow the mandate of an appellate court when a case is remanded. *Graham v. Graham*, 98 Ohio App.3d 396, 400, 648 N.E.2d 850 (2d Dist.1994). Moreover, the trial court may not extend or vary the mandate given. *Nolan v. Nolan*, 11 Ohio St.3d 1, 4, 462 N.E.2d 410 (1984).

{¶6} In the December 2, 2008 judgment entry of divorce, the trial court determined relative to the spousal support award

> that Wife is entitled to spousal support for a period of nine years * * * that Husband has been paying spousal support for nearly two years * * * [and that] Husband shall pay, as spousal support the sum of Fifteen Hundred Dollars ($1,500) a month for seventy two (72) consecutive months or until Wife shall remarry or die.

{¶7} In *Manos* I, the order was found inconsistent because "the court ordered nine years of support with credit for nearly two years but then ordered support for 72 months, which is only

six years." *Manos*, 9th Dist. No. 24717, 2010-Ohio-1178, at ¶ 30. At the hearing on remand, the trial court acknowledged that it had used two different numbers for the term of spousal support in the divorce decree. The court stated as follows: "[W]hat I wanted was nine years basically from the start of temporary." Wife's attorney then expressed the apparent agreement that "since the Temporary Order started July 1, 2007, that spousal [support] would go for nine years or through June 30, 2016." The court agreed, stating, "Yeah. Right, we've taken care of that. That's not a problem."

{¶8} Despite the court's indication that spousal support was to run nine years from the start of temporary spousal support, which was on July 1, 2007, the trial court's June 8, 2011 judgment entry stated the following:

> Wife is entitled to spousal support for a period of nine years. The Court finds that Husband has been paying spousal support for nearly two years. It is, therefore, further ORDERED, ADJUDGED and DECREED that Husband shall pay, as spousal support, the sum of Fifteen Hundred Dollars ($1,500) a month for eighty four (84) consecutive months (at the time of Judgment) or until Wife shall remarry or die.

{¶9} Wife argues that there are two judgment entries, one dated December 2, 2008, and one dated June 8, 2011, and that the term of spousal support remains unclear. She claims the trial court erred by using a nonspecific phrase and failing to incorporate the definite term of spousal support agreed to at the hearing. Husband argues that there was no agreement between the parties on the term of spousal support. He further argues that the court rectified its prior entry by extending the term from 72 months to 84 months and incorporating the balance.

{¶10} Our review reflects that the trial court again expressed two inconsistent terms for spousal support. First, the court indicated a term of nine years, which was intended to run from the start of temporary spousal support. Then, the court expressed a term of 84 consecutive

months (equating to seven years) "at the time of Judgment." While it would seem logical that the court was referring to the original judgment entry of divorce, the 84-month term falls approximately seven months short of a period of nine years from the start of temporary spousal support. Thus, an inconsistency remains within the trial court's order.

{¶11} We recognize the trial court conducted a hearing to resolve the issues before it on remand. Nonetheless, because the judgment entry did not contain the clarification attained at the hearing and still remained inconsistent in the duration of spousal support, the court fell short of complying with our mandate. Because the court's intent is apparent from the record, we modify the court's order to reflect spousal support shall run through June 30, 2016, or until Wife shall remarry or die.

{¶12} Next, the trial court was to determine the amount of arrearage Husband owed to Wife, including for temporary spousal support, and his responsibility for other items. At the hearing, Wife's attorney represented that the parties agreed there was an arrearage owed for temporary spousal support, and that they only disagreed on the amount. Wife claimed there was an arrearage of $6,967, while Husband claimed there was an arrearage of $4,717, for a difference of $2,250. Husband purportedly had two checks showing the disputed amount was paid. It was indicated that if Husband could produce the two checks, he would receive credit for those figures. Husband's attorney represented that Husband had the checks and they would be provided to the court. The court proceeded to address Husband's responsibility and amounts owed for certain bills, expenses, and other items.

{¶13} There is no evidence in the record to reflect whether the two spousal support checks were ever produced to the court. It would appear from the record that in the absence of

proof of payment from husband, an arrearage of $6,967 was owed. Despite the representations to the court, the trial court's June 8, 2011 judgment entry indicated that "Husband shall be responsible for any arrearage on the temporary spousal support order of the Court" and that "spousal support was current."

{¶14} Wife argues that the trial court's finding is inconsistent with the agreement reached before the court. Husband claims that the court specifically found he was obligated for an arrearage in the sum of $4,955. However, that sum represented amounts owed for items apart from temporary spousal support, i.e., utilities, medical expenses, condo fees, and auto repairs. It is unclear from the record how the trial court arrived at the conclusion that spousal support was current. Because we are unable to ascertain from the record whether the two support checks were ever produced or whether spousal support was made current by the time of the trial court's entry, we must remand the matter for the trial court to make the appropriate determination and make any necessary corrections to the judgment entry of divorce.

{¶15} Upon remand, the trial court is instructed to correct the judgment of divorce to reflect (1) that spousal support shall run through June 30, 2016, or until Wife shall remarry or die, and (2) the correct amount of arrearage, if any, in the payment of temporary spousal support.

Judgment reversed;
case remanded for correction.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
SEAN C. GALLAGHER
FOR THE COURT

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR

(Sitting by assignment: Sean C. Gallagher, Judge, Melody J. Stewart, Presiding Judge, and James J. Sweeney, Judge, of the Eighth District Court of Appeals.)

APPEARANCES:

DAVID FERGUSON, Attorney at Law, for Appellant.

DON LOMBARDI, Attorney at Law, for Appellee.