MALLETT, Appellee,

v.

MALLETT, Appellant.

[Cite as *Mallett v. Mallett* (1996), 116 Ohio App.3d 139.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 753.

Decided Dec. 5, 1996.

140

William E. Frank, Jr., for appellee Linda Fay Mallett.

Jack L. Kigerl, for appellant Daniel Eugene Mallett.

JOSEPH E. O'NEILL, Presiding Judge.

On June 9, 1995, the trial judge signed and filed a judgment entry disposing of a divorce action involving the parties to this appeal. Among other things in this judgment entry, the trial court awarded the appellee spousal support, evaluated a Public Employees Retirement Pension account at $40,666, divided it fifty percent to each party, and awarded a judgment for an arrearage of child support. Apparently, the trial judge eventually realized that this judgment entry did not grant a divorce and, on June 12, 1995, signed and filed an amended judgment entry reflecting that, through advertence and mistake, the prior judgment failed to state that the parties were granted a divorce on the grounds of incompatibility. A timely notice of appeal directed to this judgment was filed.

The first assignment of error complains that the trial court erred in awarding spousal support without considering all of the criteria as set forth in R.C. 3105.18, especially R.C. 3105.18(C)(1)(a) thru (n).

In awarding spousal support, the trial judge, as a part of his judgment entry, stated:

"THE COURT FURTHER FINDS that there is a present need for spousal support and awards plaintiff the amount of $204.00 per bi-weekly payday period, including poundage, for a period of three (3) years. Said support to be paid by wage withholding through the Monroe County Support Enforcement Agency, 100 Home Ave., P.O. Box 638, Woodsfield, OH 43793."

R.C. 3105.18(C)(1) states:

"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors[.]"

■ That code section goes on to list fourteen separate items that shall be considered by the trial court. A trial court sitting in domestic relations, in making a sustenance alimony award, must consider all the factors listed in R.C. 3105.18(B). *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph one of the syllabus. A trial court, in awarding spousal support, must indicate the basis for its award in sufficient detail to permit proper appellate review. *Graham v. Graham* (1994), 98 Ohio App.3d 396, 648 N.E.2d 850. In *Hall v. Hall* (Aug. 16, 1995), Monroe App. No. 713, unreported, 1995 WL 494576, this court stated that " 'a trial court is required to indicate the basis for its award in sufficient detail to enable a reviewing court to determine that such award is fair, equitable and in accordance with law.' "

This first assignment of error is found to be with merit.

■ Assignment of error number two complains that the trial court erred in evaluating the appellant's Public Employees Retirement System benefits based upon an evaluation in using criteria not found in R.C. Chapter 145 and contrary to the calculations and valuation formulas as set forth in R.C. Chapter 145.

During direct examination of the appellee, counsel for the appellee presented her with Plaintiff's Exhibit 3 and then indulged in the following dialogue:

"Q. * * * Do you recognize plaintiff's exhibit 3?

"A. Pension evaluation.

"Q. And it is a pension evaluation for the defendant, Mr. Mallett?

"A. Yes.

"Q. And what does it list as the present value of his pension?

"A. $40,666.07."

Exhibit 3 is a pension evaluation apparently prepared by Pension Evaluator, 110 So. Huntington Street, Medina, Ohio. The present-day value of the appellant's pension is set at $40,666.07. The trial judge accepted this evaluation in dividing the marital assets.

The appellant contends that the trial court should have attached a value to the pension of total contributions by the appellant as of the date of the judgment entry which would have been a sum of $22,105.07.

■ It is firmly established in the law that a pension plan established during marriage is indeed a marital asset and subject to division like any other marital asset. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. Ohio courts have recognized several alternate methods for equitably distributing the spouse's proportion and interest in pension plans. One alternative is to withdraw the funds from the plan and apportion and distribute them at the time of the

divorce. *Day v. Day* (1988), 40 Ohio App.3d 155, 532 N.E.2d 201. However, such an approach is not always feasible, since, depending upon the number of years of contribution, it could result in the destruction of a valuable property right:

" * * * Another alternative is for the trial court, based on the evidence presented, to determine the present value of the pension fund, calculate the nonemployee's spouse's proportionate share and offset that amount with other marital assets, a lump sum payment or with installment payments from the employee spouse. * * * " *Diefenthaler v. Diefenthaler* (1989), 63 Ohio App.3d 845, 852, 580 N.E.2d 477, 482.

There was not any contradiction to the appellee's evidentiary exhibit evaluating the present-day value of the appellant's pension fund. In *Kaechele, supra,* at 97, 518 N.E.2d at 1201–1202, the Supreme Court ruled that a trial court may determine to what portion of the retirement benefits represented by a plan held by one of the parties the other party is entitled when and if they are paid to the holder of the plan. This is exactly what the pension valuation admitted as Exhibit 3 in this case established, the present-day value of the pension plan, when and if the benefits of the pension are paid to the holder of the pension.

This second assignment of error is found to be without merit.

The third assignment of error contends that the trial court erred in awarding a judgment for an arrearage of child support both as to the total amount and the amount ordered paid on a monthly basis to satisfy an arrearage judgment. This assignment goes on to argue further that the trial court erred in ordering repayment of arrearages at a rate specified in the judgment decree considering the other financial obligations of the appellant including, but not limited to, child support, spousal support, and payment of marital debt.

As a part of his final judgment, the trial judge ruled:

"Plaintiff is granted lump-sum judgment against the Defendant in the amount of $4,663.10, as and for unpaid support. Defendant shall pay said amount at the rate of $102.00 per bi-weekly payday period, including poundage, until said amount of arrearage is paid in full."

The appellant complains, under this assignment of error, that this was erroneous. In his brief, the appellant agrees that the amount set forth in the final judgment entry was supported by testimony of an agent of the Child Support Enforcement Agency. However, appellant goes on to argue that, at the conclusion of trial, the parties addressed this issue, and it was conceded by both that the temporary order was erroneous and was approximately twice the appropriate amount of child support and that the parties agreed and the court granted that adjustment in the child support order, arriving at a total of $2,300. We have diligently searched the transcript of original papers and the transcript of testimo-

ny transcribed to this court by the clerk of the trial court. We have found nothing to support this contention that there was a stipulation as to an arrearage in child support. The only testimony we can find is the testimony that the support arrearage, as of the time of trial, was $4,452.40.

This third assignment of error is found to be without merit.

The judgment of the trial court is affirmed in part and reversed in part. The case is remanded to the trial court with instructions that the trial court clearly set forth in a judgment entry those factors indicating the basis for his award of spousal support in sufficient detail to enable a reviewing court to determine that such award is fair, equitable, and in accordance with law.

*Judgment affirmed in part*
*and reversed in part.*

GENE DONOFRIO and COX, JJ., concur.