OPINION
This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas overruling objections to a magistrate's decision and adopting the magistrate's decision in full with a minor mathematical correction. Appellant, Samuel Skarote, argues error on the issues of modifying the value of his State Teachers Retirement System (STRS) pension and computing arrearages on the monthly pension benefits. Appellee/Cross Appellant, Lucille Skarote, also appeals the judgment. For the following reasons, this Court overrules the assignments of error, dismisses the cross-appeal and affirms the trial court decision with minor modification.
Appellant and Appellee were married on August 30, 1958. On March 10, 1992, Appellee filed a complaint for divorce and on March 27, 1992, Appellant filed an answer. After numerous hearings and negotiations, the parties appeared with counsel on September 8, 1993 and read into the record a separation agreement. After various renegotiations and discussions, the referee (now magistrate) filed a report recommending that the court adopt a proposed judgment entry of divorce prepared by Appellee's counsel. On December 7, 1994, the court filed its journal entry adopting the referee's decision and the proposed judgment entry of divorce.
In the divorce decree, the court found that Appellant had a pension with STRS and that the parties agreed that Appellee was entitled to one-half of the pension's value from inception through September 15, 1993. The court found the value of the pension to be $391,038.18 through March 31, 1993 as per Appellant's pension evaluation report and found that Appellee's interest in the pension was one-half of that amount, or $195,519.09 through March 31, 1993. The court ordered:
 "However, since the Plaintiff's interest is through September 15, 1993, there will be supplemental Judgment Entry filed in this case extending the additional benefits to the Plaintiff representing one-half of the value from March 31, 1993, through September 15, 1993, in addition to the amount set forth herein above. This valuation shall be provided by way of evaluation made as was done on the period set forth herein above and attached hereto as Exhibit "K". The Defendant shall immediately provide to the Plaintiff his statement of pension account, through his Counsel, to the Counsel of Plaintiff, as soon as same is received for the period ending December 31, 1993. At that time the calculation will occur as to the amounts from March 31, 1993, through September 15, 1993." (12/7/94 J.E., p. 8).
The court further found that Appellant's pension was not subject to a Qualified Domestic Relations Order (QDRO) or other retirement order and restrained Appellant and STRS from distributing or alienating any of benefits until further order. Appellant was ordered to immediately notify the court and Appellee in writing upon his retirement.
The judgment entry for divorce also addressed Appellant's redemption of vacation and sick days from his employer and ordered that Appellee, pursuant to the parties' agreement, would receive one-half of the value of the monetary benefit received by Appellant upon redemption. (12/7/94 J.E., No. 13, p. 10).
On January 9, 1995, the present Appellee filed an appeal to this Court of the trial courts adoption of the referee's report and proposed judgment entry of divorce. This Court sua sponte dismissed the appeal numbered 95 C.A. 8 on March 25, 1996 for failure to file a brief.
On August 22, 1996, Appellant filed a motion requesting adjustment of his spousal support obligation since he had retired effective July 1, 1996. Appellant also requested that the court calculate his sick leave credit and taxes and award Appellee $5,187.50 for the redemption as per the judgment entry of divorce.
On the same date, Appellee filed a motion seeking a contempt order and requesting compliance with the supplemental entry to the divorce decree regarding the additional determination of her entitlement to pension benefits upon Appellant's retirement. Appellee attached a copy of a second valuation of Appellant's pension which was conducted by the same evaluator who performed the initial evaluation. Instead of valuing the pension from the period of March 31, 1993 through September 15, 1993 as originally ordered in the divorce decree, the entire pension was reevaluated. The evaluator determined that Appellant's pension had a present value of $476,424.28 from inception through September 15, 1993. Appellee requested that the court issue a supplemental judgment "entry granting her one half of $476,424.28 or $238,212.14. Appellee also requested one-half of Appellant's unused vacation and sick redemption monies alleging that Appellant had received a gross amount of $17,052.30 as a buyout.
On February 21, 1997, the magistrate filed his report after hearing these motions. The magistrate stated that the parties had stipulated to a number of items, including Appellant's retirement date of July 1, 1996 with 43.55 years of public employment and that Appellant earned 33.35 years of public service during the parties' marriage and these years would be used in recalculation of Appellant's pension account for purposes of marital property distribution. The parties also agreed that Appellant had made payments of $1,900.00 per month to Appellee from the date of his retirement through January, 1997. in partial payment of his obligations on the marital property distribution. The parties further stipulated that the issues before the court for determination were Appellee's entitlement to Appellant's STRS pension and the valuation of Appellee's one-half of Appellant's sick-leave redemption.
Based upon these stipulations and the reevaluation of the entire pension, the magistrate determined the present value of the pension at $476,424.28 and found that Appellee was entitled to one-half of that value, or $238,212.14. The magistrate then took the stipulated 43.65 years of Appellant's public service credit and divided it into the 33.35 years of public service earned during the marriage to find that 76.4% of the pension was earned during the marriage and that Appellee's one-half constituted 38.2%. The magistrate reduced this percentage to 36.765% finding that Appellee should have to share by one-half in Appellant's 2.87% reduction in monies. This reduction was incurred by Appellant in complying with Appellee's request that Appellant opt for a ten year annuity certain, as this proved not to be the most financially beneficial option for him.
The magistrate determined that Appellant was receiving $5,999.86 in STRS monthly benefits and that Appellee was entitled to 36.765% of these benefits or $2,205.85 per month. The magistrate found that a percentage award should be used for distribution because it was the most equitable distribution method, as STRS is not subject to a QDRO and Appellant was not able to pay Appellee a lump sum for her share of his retirement. A percentage-based distribution would avoid adding interest, "to compensate for the time value of money." (Judgment Entry of the magistrate of 5/2/97, p. 6). The magistrate also recommended that Appellant pay Appellee $2,744.28 in arrears on the pension benefits from July 1, 1996 through January of 1997 because he had only been paying her $1,900.00 per month while it was determined that she was entitled to $2,205.85 per month.
With regard to the vacation and sick leave redemption, the magistrate found that Appellee was entitled to $6,194.40 from Appellant's sick-leave redemption, which represented one-half of $15,883.08. The magistrate determined this total by reviewing Appellant's daily rate of pay at $317.00 and multiplying it by the maximum fifty (50) days redeemable and subtracting the tax rate of 22%, since Appellant had already received the monies based upon this tax rate.
Appellant filed what he styled as an "appeal" of the magistrate's decision on March 6, 1997. In it, he alleged that the magistrate erred in modifying a nonmodifiable property division. Appellant alleged that when the magistrate determined that one-half of his pension was $238,212.14, the award to Appellee of monthly payments for 120 months would result in a total payment of $264,702.00. Appellant requested modification of the magistrate's recommendation to reduce it to 120 payments of $1,985.11 and a subsequent adjustment of the arrearage amounts to $2,817.15. Further, Appellant contended that the magistrate mathematically erred in calcillating the sick leave buy-out, alleging that the figure should have been $6,181.50 net as opposed to $6,194.40.
Appellee also filed objections to the magistrate's decision as regards the pension distribution and sick leave redemption.
On April 7, 1997, the court held a hearing on the objections. On May 9, 1997, the court issued a judgment entry adopting the bulk of the magistrate's decision but modifying it to correct the magistrate's mathematical error in calculation of the sick leave redemption. The court indicated that the magistrate should have used $317.66 as Appellant's daily rate of pay and that consequently, the amount of sick leave redemption that Appellee was entitled to was $6,181.50. The remainder of the magistrate's decision was adopted in its entirety.
On May 30, 1997, Appellant filed his notice of appeal. On June 9, 1997, Appellee filed her notice of cross-appeal. On July 21, 1997, the parties submitted an entry signed by counsel indicating that Appellant had partially satisfied the May 9, 1997 judgment entry of the trial court. The parties agreed that Appellant had paid Appellee all monies due for his sick leave buyout. As a result of this partial satisfaction and the parties' agreement at oral argument that Appellee's cross-appeal was moot, we need not address Appellee's cross-appeal and this is dismissed.
Before addressing Appellant's assignments of error, we must restate here that a revaluation of the entire pension from inception to September 15, 1993 was conducted to determine the pension amount of $476,424.27 and Appellee's one-half entitlement is derived from this figure. The court's original judgment entry of divorce attached a value to the pension from inception to March 31, 1993 and ordered a valuation only from March 31, 1993 to September 15, 1993. While the revaluation of the entire pension from inception may arguably be erroneous, as it is contrary to the narrow reservation as to this issue retained by the trial court in its original decree of divorce, we find that even if it was error, this error was waived. Appellant states in his brief to this Court that he does not dispute the revaluation and in fact stipulated to Appellee's one-half interest as $238,212.14 based upon this revaluation. (Appellant's Br., p. 2).
Appellant asserts error, not in the revaluation of the entire pension, but in the court's adoption of the magistrate's method of distribution which resulted in Appellee receiving more than the total one-half value to which the parties stipulated. As his first assignment of error, Appellant states:
 "THE MAGISTRATE AND TRIAL COURT ERRED IN MODIFYING THE PRESENT VALUE OF THE PENSION TO A PROPORTIONAL DISTRIBUTION."
Appellant contends that the cash value determination made by the court in the original judgment entry of divorce was modified to a coverture fraction formula by the magistrate for distribution. He claims that this resulted in the modification of a nonmodifiable original property division of the pension in violation of R.C. 3105.171 (I). Appellant suggests that based upon the $238,212.14 stipulated value of the pension and the agreed ten year annuity that Appellant took out to secure payment, the court should have awarded Appellee $1,985.10 per month because $238,212.14 divided by 120 months equals $1,985.10. Appellant asserts that the magistrate erred in using the coverture fraction formula to determine that Appellee was entitled to $2,205.85 per month as it resulted in Appellee receiving a total one-half value of $264,702.00, or $26,489.86 more than the stipulated value.
Appellee asserts that the court did not modify the original property division because the original entry of divorce only valued the pension. She claims the "original entry never distributed the pension as it was not subject to a QDRO. Appellee contends that because the court specifically retained jurisdiction and the parties stipulated to recalculation of the pension benefits for the purpose of distribution, the magistrate could properly employ the coverture fraction distribution method to distribute the benefits.
The standard of appellate review for a trial court's division of property in a divorce proceeding is abuse of discretion and a reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609, citing Berish v. Berish (1982), 69 Ohio St.2d 318
and Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. A pension plan is subject to division like any other marital asset. Mallettv. Mallett (1996), 116 Ohio App.3d 139. A trial court has broad discretion in dividing marital property, including pension benefits, but must use its discretion based upon the circumstances of the case, the nature, terms and conditions of the pension plan and the reasonableness of the result. Erb v. Erb
(1996), 75 Ohio St.3d 18, 20, citing Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,179; see Patsey v. Patsey (Dec. 16, 1998), Columbiana App. No. 96 CO 52, [*3], unreported; Bisker,69 Ohio St.3d at 609. However, R.C. 3105.171 (I) provides that:
 "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the Court."
To determine whether the trial court abused its discretion in the instant case, a review of the transcript of the lower court's hearing on Appellant's objections and the transcript of the magistrate's hearing from which the February 21, 1997 decision emanated is necessary. Neither of these transcripts was filed with this Court. Pursuant to App. R. 9 (B), it is the Appellant's duty to order and provide a transcript to this Court. Absent an adequate record, we are unable to evaluate the merits of Appellant's arguments and a presumption of validity attends the trial court's actions. Floyd v. Floyd (Aug. 18, 1998), Mahoning App. No. 95 C.A. 54, unreported, citing Kowalik v. Kowalik (Feb. 25, 1997), Mahoning App. No. 95 C.A. 67, unreported; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
While we cannot address Appellant's assignment of error in full without a transcript, the limited record and calculations before us reveal no inherent conflict's between the one-half value of the pension stipulated by the parties and the magistrate's determination as to the monthly distribution amount. The parties agreed to the stipulated total entitlement of $238,212.14 to Appellee. While the monthly distribution amount as determined by the magistrate exceeds this total amount, the apparent discrepancy is explained in full at page 6 of the magistrate's judgment entry as adopted by the court. The magistrate succinctly states on page 6, paragraph C that, "[u]se of a percentage calculation also eliminates the need for a separate interest calculation on the value of [Appellee's] property division in the form of the pension benefit. If the Court did not convert the retirement benefits to a percentage of [Appellants] actual retirement benefits, then the Court would be inclined to add an interest rate to the marital property distribution." In other words, while Appellee's one-half of the pension was subject to a present day calculation, the fact remained that Appellant did not possess the means to immediately pay Appellee the total one-half of his pension amount. Thus, Appellee would have to content herself with monthly payments over a period of time. Clearly, if Appellee had obtained her entire one-half entitlement immediately, she could have invested this money and increased her property in this fashion. Recognizing that Appellee would, in fact, lose money in a payment plan if she was paid in equal installments as Appellant requests, the court provided the parties with a payment plan which recognized that Appellee was entitled to interest on her money without having to set up a complex scheme to provide her with this entitlement. As Appellant recognized that he could not pay Appellee her lump sum present day entitlement, we are hard-pressed to find the percentage distribution ordered by the lower court to be outside of its discretionary powers. As the court did not abuse its discretion here, Appellant's first assignment fails and we must affirm the trial court.
In his second assignment of error, Appellant asserts:
 "THE MAGISTRATE AND TRIAL COURT ERRED IN THE COMPUTATION OF ARREARAGE IN MONTHLY PENSION BENEFITS FROM JULY 1996 THROUGH JANUARY 1997.
Appellant contends that the court erred in determining the arrearage amount owed to Appellee because it was not based upon the difference between the coverture formula which set the monthly distribution amount due Appellee at $2,205.85 and the payments the parties stipulated that he made to Appellee of $1,900.00 per month.
This assignment of error appears to have merit on the face of the limited record before us. The magistrate determined that Appellee was entitled to $2,205.85 per month based upon the coverture formula. However, the magistrate determined that Appellant owed Appellee an additional $392.04 per month or $2,744.28 total for the seven months from his retirement date to January of 1997. This amount does not represent the difference between the distribution amount of $2,205.85 determined by the magistrate and the $1,900.00 that the parties agreed that Appellant paid Appellee over the last seven months. The arrearage amount should have been based upon the difference between the $2,205.85 per month and the $1,900.00 per month that Appellant was paying Appellee multiplied by the seven months of payments made to Appellee at the lower amount. The difference between these amounts would have set Appellant's arrearages at $2,140.95 and not $2,744.28 as the magistrate determined and the court adopted.
Since we find no error in the monthly distribution amount determined to be due Appellee, the decision of the trial court as to this issue is hereby affirmed. However, since the arrearages should be commensurate with this amount, we hereby correct the trial court's judgment entry on this limited basis and hold that Appellant is to pay arrearages of $2,140.95 instead of $2,744.28.
The decision of the trial court is affirmed in every other respect.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ___________________________________ ITE, JUDGE