OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties from the judgment entry of divorce issued by the Trumbull County Court of Common Pleas, Domestic Relations Division, in which the trial court granted appellant, Diane Elizabeth Young, and appellee, James Stoner Young, a divorce.
Appellant and appellee were married on January 15, 1966. The parties had two children born as issue of their marriage, both of whom are now emancipated. After thirty-four years of marriage, appellant filed a complaint for divorce on January 28, 2000. Subsequently, appellee filed an answer to the complaint and a countercomplaint for divorce. During the proceedings, appellee was ordered to pay appellant $1,000 in temporary spousal support.
This matter came on for a hearing before the trial court on January 30, 2001. During the hearing, the parties entered into oral stipulations regarding the value and/or disposition of the certain properties. For instance, the parties stipulated that the fair market value of the marital residence was $148,000, and that the sales price was listed at $154,900. The parties further stipulated that appellant and appellee would retain their respective motor vehicles and pay any outstanding balance owed thereon, entered stipulations regarding the disposition of household goods and furniture, and agreed that each party was to retain his or her respective checking account. Also, in pertinent part, there exists an American Legacy SEP account, a mutual fund, which is in appellee's name and contains a balance of $381,399.[1] As to this account, the parties agreed that one-half of the balance would be transferred to appellant by a Qualified Domestic Relations Order ("QDRO").
After taking the matter under consideration, the trial court issued a judgment entry on March 1, 2001. In relevant part to this appeal, the trial court found as follows: (1) appellee was ordered to pay spousal support in the sum of $800 per month for sixty months. This support was to terminate if appellant were to marry or cohabit with a person in a marital relationship, or upon the death of either party; (2) the marital residence was ordered to be sold and the sale proceeds to be divided equally between the parties; and (3) the SEP account, valued at $381,399, was to be divided equally between the parties by a QDRO.[2]
It is from the March 1, 2001 decree of divorce appellant appeals, advancing a single assignment of error for our consideration:
 "The trial court committed prejudicial error and abused it's [sic] discretion in awarding spousal support in both the amount awarded and the duration of the award which should have been continuing[.]"
 In this sole assignment of error, appellant makes numerous arguments to challenge the trial court's award of spousal support, and we will address each one individually. But, for organizational purposes, we will consider these arguments out of order.
First, appellant contends that the findings issued by the trial court failed to provide sufficient detail to justify a termination of spousal support after sixty months. According to appellant, the trial court's findings are unclear as to why the spousal support was not continuing or permanent in nature when appellant seems to fall within the exception announced in Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus; to wit: when there was a marriage of a long duration, the parties are of an advanced age, or the spouse was a homemaker with little opportunity to develop meaningful employment outside of the home, an award of spousal support for an indefinite time may be appropriate.
While the trial court did not provide a precise reason as to why spousal support was awarded for a period of five years, the court supplied a detailed analysis of the factors enumerated in R.C. 3105.18. But, see,Taylor v. Taylor (Aug. 4, 1998), Scioto App. No. 97 CA 2537, unreported, 1998 WL 603142, at 4-6 (holding that where spousal support was awarded for a duration in cases that seems to fall within the exception set forth in Kunkle, the trial court abuses its discretion when it fails to provide an explanation as to how the payee spouse would obviate his or her need for such support and become self sufficient within that period of time). See, also, Wolfe v. Wolfe (July 30, 1998), Scioto App. No. 97CA2526, unreported, 1998 WL 472618, at 7-9.
In relevant part, the trial court indicated in its spousal support analysis that appellant could begin drawing on the SEP account in five years when she reaches the age of fifty-nine and a half:
 "Defendant testified, from his experience, as to a hypothetical value of Plaintiff's SEP account in five years when she reaches the age of 59 and a half. The Court finds the values speculative and self-serving for Defendant, although this information did advise the Court as to the length of time necessary before Plaintiff is eligible to draw on her SEP account. (Emphasis added.)[3]
 As noted earlier, the present value of this account is $381,399. Hence, this case is factually distinguishable from Taylor and Wolfe as the trial court here indicated that in five years, appellant could begin drawing on the SEP account. In fact, under R.C. 3105.08(C)(1)(d) and (i), it is appropriate for the trial court to consider the retirement benefits and the relative assets of the parties in determining an appropriate spousal support award.
Appellant further contends that the trial court abused its discretion when it automatically terminated the award of spousal support after five years. To support her contention, appellant cites to Parsons v. Parsons
(Dec. 29, 1999), Franklin App. No. 99AP-485, unreported, 1999 WL 1262056, at 2.
In Parsons, the Tenth Appellate District held that in view of the parties' thirty-three year marriage, the trial court erred in ordering an automatic termination of spousal support upon the wife's sixty-fifth birthday where the rational is based upon the assumption that she would then begin receiving social security at the rate of $637 per month.Parson at 2. Instead, "[t]he trial court should retain jurisdiction and allow the parties to seek modification of spousal support in the event of any now-unforeseeable circumstances." Id.
The present cause, however, is factually distinguishable from Parsons
as the trial court here did not automatically terminate appellant's spousal support after five years. Unlike Parsons, the trial court in the instant matter specifically retained jurisdiction in this case to modifythe spousal support award:
 "Said amount [spousal support] to be subject to review and modification due to a substantial change of circumstances of either party."
 As such, the award of spousal support does not automatically terminate after five years. Instead, appellant could seek a modification of the amount and/or duration of the spousal support award upon a showing of change of circumstance.
Third, appellant claims that the trial court applied the wrong standard when awarding spousal support. We disagree.
Appellant makes much of the following statement made by the trial court:
 "The Court finds that [appellant] has shown a need and [appellee] has shown the ability to pay as and for spousal support the sum of Eight-Hundred Dollars ($800.00) per month * * *." (Emphasis added.)
 "When the legislature removed the term `necessary' from R.C. 3105.18 and substituted it with the phrase `appropriate and reasonable,' the relevant inquiry became `whether spousal support is appropriate and reasonable [.]'" (Citations and emphasis omitted) Matic v. Matic (July 27, 2001), Geauga App. No. 2000-G-2266, unreported, 2001 WL 848530, at 7, quoting R.C. 3105.18(C)(1). "Certainly, need can [still] be a factor; it could even be the primary factor, but a reviewing court must be shown the basis for that determination." (Emphasis added.) Matic at 7; R.C. 3105.18(C)(1)(n); But, see, Mallett v. Mallett
(1996), 116 Ohio App.3d 139, 140-141 (holding that "there is a present need for spousal support" is, standing alone, insufficient to meet the requirement that the trial court set forth the basis for its decision to award such support).
As will be discussed later in this opinion, after the trial court considered, in ample detail, the factors set forth in R.C. 3105.18, the court applied the proper standard as it found that "spousal support [was] appropriate and reasonable * * *." The fact that the trial court further determined that appellant had a need for spousal support and appellee had an ability to pay such support does not necessarily indicate that the court applied the wrong standard in light of the fact that the court adequately considered the factors contained in R.C. 3105.18.
Finally, appellant suggests that the amount and duration of spousal support was inadequate. According to her, she earns only $12,696 while appellee earns close to $70,000 annually. Appellant suggests that she could not afford to live alone and maintain the average standard of living the parties were use to during the marriage. As such, she lives with her daughter in Washington. D.C., with whom she shares the expenses. Further, appellee's expenses will reduce upon the sale of the marital house, and he was previously able to meet his expenses when paying $1,000 per month in temporary support.
Likewise, appellant complains that the trial court abused its discretion in limiting the duration of spousal support to sixty months. According to appellant, she met the requirements for permanent spousal support as set forth in Kunkle, supra, for the following reasons: the marriage lasted for thirty-five years; appellant is disabled and has the potential to earn $1,058 per month in disability payments; appellant was rarely employed during the marriage; and there is no evidence as to the value of the SEP account when it is to be divided.
It is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v. Glass (Dec. 22, 2000), Lake App. No. 99-L-120, unreported, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle at 67.
To determine whether spousal support is appropriate and reasonable, the trial court is required, under R.C. 3105.18(C)(1), to consider all of the following factors:
 "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis v. Davis (Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, 2000 WL 522481, at 3.
 In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support:
 "In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted and emphasis added.)[4]
 Upon reviewing the March 1, 2000 decree of divorce, we determine that the trial court set forth detailed findings of the reasons for awarding spousal support.
Having said that, we are mindful that an appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably" in awarding spousal support. Kunkle at 67. Thus, the issue before this court is whether the $800 per month award of spousal support for five years, with a retention of jurisdiction, was so inappropriate and unreasonable as to constitute an abuse of discretion.
In Kunkle, paragraph one of the syllabus, the Supreme Court of Ohio set forth the following exception when awarding spousal support:
 "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." (Emphasis added.)
 At first glance, it would appear that the instant cause falls within the exception announced in Kunkle. Here, there was a marriage of long duration, thirty-five years, and appellant is fifty-five years old.[5] Although appellant worked during the marriage, in December 1981, she sustained a back injury and shattered her leg. In January 1997, she was declared permanently totally disabled. As a result, she receives disability income and claims she is unable to work. Then, in December 1999, appellant endured a heart attack, presently claims to suffer from herinated disks in her back and is on blood pressure and blood thinner medication.
It is undisputed that appellee has a much higher earning capacity than appellant. Appellee, who is sixty-two years old, sells investments and insurance for Penn Mutual. In 1997, appellee's income was $51,904, and during 1998, his income was $61,877. In 1999, his income increased to $91,856, while his estimated earnings for 2000 were close to $70,000. According to appellee, the parties enjoyed an average standard of living during the marriage.
In February 1999, appellee suffered a coronary as well. Despite that fact, he intends to collect social security benefits at the age of sixty-five, to which appellant will be entitled to one-half:
 "Q. [on direct examination by appellee's attorney] In addition to that [the SEP account], you will have a Social Security benefits when you elect to take them. You are eligible at 62. Do you intended [sic] to take them at 65?
"A. 65.
 "Q. When your wife attains a certain age, she'll be entitled to half?
"A. To half of the benefits."
 In contrast, appellant, who is fifty-five years old, graduated from high school. During the marriage, she worked as a nurse's aid, a secretary, a receptionist, and a bookkeeper. However, as noted earlier, in December 1981, she became disabled as she sustained a back injury and shattered her leg and was subsequently declared permanently totally disabled.
As for her expenses, the trial court determined that appellant's monthly expenses are $2,800, which includes $940 in expenses that are paid by her daughter. Further, appellant receives $1,058 per month in disability income, claims she is unable to work and that she does not qualify for social security benefits:
 "The Court: Do you have a pension coming in, eventually, Social Security?
"The Witness: I don't qualify for it. No, ma'am.
"The Court: Why not?
 "The Witness: Because I don't have enough quarters in they call it `quarters in.'
 "The Court: So, the pension you will get will be your one half of the [SEP] account that will be transferred over to you from your husband?
 "The Witness: Yes, they told me I was entitled to Social Security to half of his [appellee's] Social Security.
 "The Court: You will get your own share when he gets his?
 "The Witness: Yes. I have no Social Security coming in."
 However, in addition to the award of spousal support, appellant was awarded one-half of the sale proceeds from the marital residence and a one-half interest in the SEP account. As previously mentioned in this opinion, appellant may be eligible to draw on this account in five years, when she is fifty-nine and a half years old.
Under these particular circumstances, we hold that there was no abuse of discretion in the trial court setting the amount of spousal support at $800 per month for five years, particularly when the court retained jurisdiction to modify the spousal support award. Based on the foregoing analysis, appellant's lone assignment of error is without merit, and the judgment of the trial court is affirmed.
FORD, P.J., GRENDELL, J., concur.
[1] This was the balance of the account as of January 29, 2001.
[2] Although the trial court ordered that appellant prepare the QDRO, the record on appeal does not indicate that this has been done.
[3] In fact, appellant concedes to this point in her appellate brief, to wit: "The [trial] Court specifically found that [she] could begin drawing on her SEP account in five (5) years."
[4] The trial court must adhere to this requirement even in the absence of a Civ.R. 52 motion requesting findings of fact and conclusions of law. Herman v. Herman (Mar. 28, 1997), Portage App. No. 96-P-0194, unreported, 1997 WL 158106, at 4.
[5] The parties stipulated and the trial court accepted that the termination date of the marriage was January 30, 2001.