OPINION
This is an appeal submitted on the briefs of the parties from the judgment entry of divorce issued by the Trumbull County Court of Common Pleas, Domestic Relations Division, in which the trial court granted appellant, Kenneth A. Treasic, and appellee, Jane Treasic, a divorce.
Appellant and appellee were married on September 11, 1971. They had one child born as issue of their marriage, who is now emancipated. After twenty-eight years of marriage, appellant filed a complaint for divorce on September 13, 1999.
This matter came on for a hearing on December 18 and 19, 2000. After taking the matter under consideration, the trial court issued a judgment entry on March 9, 2001. In relevant part to this appeal, the trial court ordered appellant to pay spousal support in the sum of $800.00 per month for sixty months.[1]
It is from this judgment appellant appeals, submitting a single assignment of error for our consideration:
 "The trial court abused its discretion upon issuing a spousal support order in favor of appellee based upon the legal standard of the appellee showing a `need,' the same being without consideration of factors set forth in R.C. 3105.18(C)."[2]
In this sole assignment of error, appellant claims that the trial court abused its discretion when it awarded appellee spousal support based upon a legal standard which no longer exists. We disagree.
It is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v. Glass (Dec. 22, 2000), Lake App. No. 99-L-120, unreported, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
To determine whether spousal support is appropriate and reasonable, the trial court is required, under R.C. 3105.18(C)(1), to consider all of the following factors:
 "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis v. Davis (Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, 2000 WL 522481, at 3.
In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support:
 "In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted and emphasis added.)
Upon reviewing the March 9, 2001 decree of divorce, we determine that the trial court set forth detailed findings of the reasons for awarding spousal support.
Despite that fact, appellant makes much of the following statement made by the trial court in its decree of divorce:
 "The Court finds that [appellee] has shown a need and [appellant] has shown the ability to pay as and for spousal support the sum of Eight-Hundred Dollars ($800.00) per month, * * * for sixty (60) consecutive months * * *." (Emphasis added.)
 "When the legislature removed the term `necessary' from R.C. 3105.18 and substituted it with the phrase `appropriate and reasonable,' the relevant inquiry became `whether spousal support is appropriate and reasonable [.]' (Citations omitted) Matic v. Matic
(July 27, 2001), Geauga App. No. 2000-G-2266, unreported, 2001 WL 848530, at 7. "Certainly, need can [still] be a factor; it could even be the primary factor, but a reviewing court must be shown the basis for that determination." (Emphasis added.) Matic at 7; R.C. 3105.18(C)(1)(n); But, see, Mallett v. Mallett (1996), 116 Ohio App.3d 139, 141 (holding that "there is a present need for spousal support" is, standing alone, insufficient to meet the requirement that the trial court set forth the basis for its decision to award such support).
In the present cause, after the trial court considered, in much detail, the factors set forth in R.C. 3105.18, the court applied the proper standard as it found that "spousal support [was] appropriate and reasonable from [appellant] to [appellee]." The fact that the trial court further determined that appellee had a need for spousal support does not necessarily indicate that the court applied the wrong standard in light of the fact that the court adequately considered the factors contained in R.C. 3105.18. See, e.g., Young v. Young (Mar. 22, 2002), Trumbull App. No. 2001-T-0026, unreported, 2002 Ohio App. LEXIS 1346, at 9.
Based on the foregoing analysis, appellant's lone assignment of error is meritless, and the judgment of the trial court is affirmed.
NADER, J., GRENDELL, J., concur.
[1] The trial court also retained jurisdiction in this case to modify the spousal support award. Further, we note that at paragraph 51 in the findings of fact portion of the March 9, 2001 judgment entry, the trial court incorrectly stated that spousal support "should be taxable to [appellant] and deductible to [appellee]." However, the trial court apparently corrected this transposition at paragraph 32 in the conclusion of law section by stating that "[t]o assist in the payment of spousal support, it should be taxable to [appellee] and deductible to [appellant]."
[2] As an aside, we note that appellant does not challenge the trial court's award on basis that the amount and duration of spousal support was unreasonable. Thus, we will limit our analysis accordingly.