OPINION
[¶ 1] Appellant Edward Passwaters appeals the decision of the Carroll County Common Pleas Court, Domestic Relations Division, which entered an order of divorce and ordered appellee Mary Passwaters to pay Edward $50 per month in spousal support. We are faced with issues concerning whether the court properly evaluated the factors and utilized the correct test in arriving at a spousal support figure and whether the court considered irrelevant evidence and hearsay evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS [¶ 2] Mary filed for divorce in November 2001. The parties were married in July 1966, making this a thirty-five year marriage. Because the parties stipulated to most issues, the March 19, 2002 divorce hearing basically only proceeded as to the amount of spousal support payable to Edward.
[¶ 3] Testimony established the following facts about Edward as of the date of the hearing: he is fifty-six years old; he dropped out of high school in tenth grade; he has been collecting Social Security Disability for fifteen years due to rheumatoid arthritis; he had a total knee replacement last year causing pain in his hip; his SSD benefits for the year 2001 totaled $12,204 minus $600 for Medicare premiums; he currently receives $993 per month from SSD; he is living in the marital residence which must be sold to cover the parties' mortgages and debt from a Chapter 13 bankruptcy; and he must move to an apartment soon.
[¶ 4] Testimony established the following facts about Mary: she is fifty-five years old and in good health; she has a high school diploma; she has worked outside the home throughout the marriage; she has house-building and cabinet-making skills; she has worked at Timken Roller Bearing for almost five years, where she makes $16.35 per hour and where she made $38,364.91 in the year 2001; she currently works some overtime; and she rents an apartment. Her wages are garnished $824 per month toward the parties' Chapter 13 bankruptcy case. The trial court and the parties hope this bankruptcy debt will be resolved after the sale of the parties' realty. Mary testified that her job was in jeopardy due to downsizing and demotions.
[¶ 5] The court awarded Edward $50 per month in spousal support for eleven years to terminate earlier if either party dies or Edward remarries. The court retained jurisdiction over the award, noting that the parties should seek modification if, for instance, Mary loses her job or if Edward's living expenses decrease due to his relocation into an apartment or possibly government-subsidized housing. The court entered the decree of divorce and the award of support in a March 28, 2002 judgment entry and filed requested findings of fact and conclusions of law on the spousal support award on April 2, 2002. Edward filed timely notice of appeal on April 25, 2002.
 ASSIGNMENT OF ERROR NUMBER ONE [¶ 6] Edward sets forth two assignments of error, the first of which provides:
 [¶ 7] "THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING AN INCORRECT STANDARD TO THE AWARD OF SPOUSAL SUPPORT UNDER R.C. 3105.18 BY USING A NEED VERSUS ABILITY TO PAY STANDARD RATHER THAN CONSIDERING ALL FOURTEEN FACTORS LISTED IN R.C. 3105.18(C)."
 [¶ 8] Edward concedes that the trial court properly held that it must formulate a reasonable and appropriate award based on consideration of the factors contained in R.C. 3105.18(C) and the obligor's ability to pay. However, Edward points out that the trial court's findings and conclusions improperly state, "spousal support remains predicated upon demonstrated `need' for it." Edward also complains that although the court said it considered the factors, the court did not state how it applied each one. Edward concludes that not only did the court's award improperly rely on need, it also improperly takes into account Mary's allegations that she may lose her job or get demoted in the future.
[¶ 9] Pursuant to R.C 3105.18(C), the trial court shall consider certain factors in determining whether spousal support is "reasonable and appropriate" and in determining its nature, amount, terms of payment, and duration. The prior version of this statute, in existence until January 1991, stated that certain factors should be considered in determining whether alimony is "necessary." See former R.C. 3105.18(C). See, also,Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 186, fn. 5. Thus, contrary to one of the trial court's statements, spousal support is not "predicated" on need as it was at the time of Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. Rather, need is a consideration that is encompassed when evaluating some of the following factors: (a) the parties' incomes; (b) the parties' relative earning abilities; (c) the parties' ages and physical, mental, and emotional conditions; (d) the parties' retirement benefits; (e) the duration of the marriage; (f) whether a party will be custodian of a minor child; (g) the parties' standard of living established during the marriage; (h) the parties' educations; (i) the parties' assets and liabilities; (j) the contribution of each party to the education, training, or earning ability of the other party; (k) the time and expense necessary for the spouse seeking support to acquire education, training, or job experience; (l) the tax consequences for each party of an award of spousal support; (m) the lost income production capacity of either party that resulted from that party's marital responsibilities; (n) any other factor the court expressly finds to be relevant.
[¶ 10] Here, the trial court made specific findings regarding all of the relevant factors. See April 2, 2002 Judgment Entry with findings of fact and conclusions of law. Thus, the court set forth its reasons for spousal support in sufficient detail for this court to review the award. See Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825; Mallet v.Mallet (1996), 116 Ohio App.3d 139, 141 (7th Dist.). As such, Edward's argument that the findings were insufficient is without merit.
[¶ 11] As for the argument that the trial court applied the wrong standard, it does appear that the court's recitation of the law was a bit off. As aforementioned, the court cited Kunkle for the "predicated on need" statement, but Kunkle interpreted a statute which has since been amended to replace the word "necessity" with the words "reasonable and appropriate." This court has repeatedly explained that spousal support cannot be denied on the sole basis that the seeker has not demonstrated a need for support. Jendrusik v. Jendrusik (Dec. 17, 2001), 7th Dist. No. 00BA54; Carbon v. Carbon (Sept. 20, 2000), 7th Dist. No. 98CA211;Heslep, 7th Dist. No. 825; Olenik v. Olenik (Sept. 18, 1998), 7th Dist. No. 94CA139. This distinction has been explained by other districts as well. Cooper v. Cooper (Aug. 24, 2001), 6th Dist. No. L-01-1194; Treasicv. Treasic (Apr. 19, 2002), 11th Dist. No. 2001-T-0027; Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 626 (9th Dist.); Schultz v. Schultz (1996),110 Ohio App.3d 715, 724 (10th Dist.).
[¶ 12] Thus, even if one does not necessarily need spousal support, such can still be awarded if it is reasonable and appropriate considering all of the factors. For instance, if the parties were married for forty years and the husband makes $55,000 per year, it is unlikely that he "needs" support; however, if the wife makes $500,000, the court may determine that spousal support is reasonable and appropriate. On the flip side, if a wife desperately needs support because she is unemployed, disabled, and has high prescription drug costs, support can be denied if it is not reasonable and appropriate because, for instance, the husband is in a similar situation.
[¶ 13] Although one of the trial court's statements may be construed as a misstatement of the law, such is not fatal and its decision can still be affirmed. Along with the reference to "predicated on need," the trial court also properly stated that it must determine whether spousal support is "reasonable and appropriate" as per the current version of the statute. The court also noted that it considered all of the factors in this statute. As aforementioned, the court outlined the relevant factors and applied them to the facts of this case. Additionally, the trial court was permitted to consider need as the concept of need is encompassed in many of the factors and can be an additional consideration under the catch-all factor. See, also, Treasic, 11th Dist. No. 2001-T-0027 (stating that need can still be a factor, even a primary factor); Olenik, 7th Dist. No. 94CA139 (noting that although an award is not unreasonable because it exceeds the obligee's need, need is necessarily encompassed within the evaluation).
[¶ 14] Furthermore, here, the court did not deny spousal support on the basis of a lack of need. Rather, $50 per month was awarded for eleven years with a reservation of jurisdiction. The trial court explicitly contemplated that one or both of the parties would file a motion for modification in the near future. The court noted that because Edward lives in the marital residence which must be sold, his living expenses would soon change. As for Mary, the court noted that she may soon lose her job, at which point she may be back to making near minimum wage.
[¶ 15] Moreover, Edward could have been properly awarded even less spousal support at that exact time because Mary was having her wages garnished in an amount of $824 per month in order to comply with the terms of both parties' Chapter 13 bankruptcy case. This is the debt of both parties, and he pays nothing towards it. Once the house and land are sold, this debt may be satisfied. (Note the court gave four months for a realtor to attempt to sell the house and then the house is to be auctioned.) However, until that time, Mary is stuck paying it. The trial court's judgment entry made clear that this was an important factor in its spousal support decision. Were it not for the monthly payment by Mary, then, yes, $50 per month in spousal support may seem low considering the long-term marriage, the fact that Mary makes more than three times as much as Edward, and the fact that Edward has no prospects for increased earnings as he is disabled. Yet, at this time, $50 per month is reasonable.
[¶ 16] As for the argument that the court improperly considered Mary's allegations that she may soon lose her job or be demoted, we agree that in determining current spousal support, allegations that the obligormight lose her job should not result in a lesser award than what the court would otherwise order. This is the function of a motion for modification (where the court reserves jurisdiction) when and if the job is actually lost. However, the court's order did not revolve around these allegations. Pages 39-42 in the transcript, which Edward claims demonstrate the trial court's improper focus on the future of Mary's employer, merely reflects a court lecture to Mary that she will not be able to afford to buy Edward out of his share of a certain parcel of land. Page 70 reveals the court's initial reluctance to order support because Mary may lose her job. Nonetheless, the court did end up awarding spousal support, and we look at the entry rather than words at the hearing in determining the basis for the decision. Additionally, there was no objection entered to Mary's testimony about the likelihood of the plant downsizing. Finally, Mary's allegations and evidence on her future job status is relevant with regards to the trial court's decision on whether it should reserve jurisdiction. Hence, the trial court could properly consider this allegation for purposes of reserving jurisdiction.
[¶ 17] For the foregoing reasons, we hereby affirm the trial court's spousal support award.
 ASSIGNMENT OF ERROR NUMBER TWO [¶ 18] Edward's second assignment of error alleges:
 [¶ 19] "THE COURT IMPROPERLY ADMITTED HEARSAY EVIDENCE REGARDING THE FUTURE OF PLAINTIFF-APPELLEE'S EMPLOYMENT WITH THE TIMKEN COMPANY THROUGH BOTH ORAL TESTIMONY AND WRITTEN COMMUNICATION ADMITTED INTO EVIDENCE ABSENT PROPER AUTHENTICATION."
 [¶ 20] Mary testified that Timken employees, including the plant manager, have advised the employees that the company may be downsizing, that her department is being phased out, and that she may get demoted or laid off. Mary also presented an exhibit which is a letter from Timken operations manager which states that the company is in a transition period, the operation will downsize, there is minimal opportunity for employees to work overtime, and some employees will be retrogressed into lower pay grade positions.
[¶ 21] Edward argues Mary's testimony and the letter constitute inadmissible hearsay. As for Mary's testimony that some employees were demoted, this may very well be based on personal knowledge. Moreover, Edward did not object to Mary's testimony about what her plant manager told her. (Tr. 17-18).
[¶ 22] As for the letter, when Mary was asked to relate the "gist" of the letter, defense counsel interjected, "I would just object to her reading the letter into the record." (Tr. 18). The court responded, "Well yea, I can read it but you can, it's not that long. Go ahead and finish." (Tr. 18). The objection does not mention hearsay or object to Mary's relating the "gist" of the letter; rather, it "just object[s] to her reading the letter into the record."
[¶ 23] Pursuant to Evid.R. 103(A)(1), error may not be predicated on evidentiary admissions unless a substantial right is affected and a timely objection is made stating the specific ground of objection if not apparent. Considering the trial court's response, if hearsay was the intent behind the objection, this should have been explained.
[¶ 24] Edward also argues that the letter was not authenticated under Evid.R. 901(A). Yet, this was never raised below. As such, the arguments presented under this assignment of error have been waived. In any event, the letter only corroborates Mary's testimony on demotions and downsizing and thus would not seem to affect a substantial right. Further, when Mary's attorney rested and asked for admission of her exhibits, which would include the letter marked as exhibit four, Edward's attorney specifically stated that he had no objection to the exhibits' admission. (Tr. 44). This assignment of error is overruled.
[¶ 25] For the foregoing reasons, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.