[Cite as *Talley v. Talley*, 2016-Ohio-3533.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alice F. Talley, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-812 |
| v. | : | (C.P.C. No. 96DR-2903) |
| Patrick A. Talley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 21, 2016

**On brief:** *Alex J. Pomerants*, for appellee. **Argued:** *Alex J. Pomerants*.

**On brief:** *Law Office of Philip A. King, LLC*, and *Philip A. King*, for appellant. **Argued:** *Philip A. King*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Patrick A. Talley, appeals the July 30, 2015 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which sustained the objections of plaintiff-appellee, Alice F. Talley, to the April 2, 2015 magistrate's decision granting Patrick's motions to modify spousal support and for attorney fees.

I. Facts and Procedural History

{¶ 2} On July 1, 1996, Alice filed a complaint for divorce from Patrick. On June 10, 1997, the trial court filed a judgment entry granting a decree of divorce to the parties. The trial court found that Patrick was a certified public accountant and was employed at the time of the decree of divorce, earning $82,000 per year. Pursuant to the

decree of divorce, Patrick was ordered to pay $1,000 per month in spousal support, plus processing charges.  Patrick was also ordered to "make available to [Alice], through COBRA, any medical insurance provided by his employer for the maximum term the law will permit. [Patrick] shall pay any premium required to provide such insurance coverage to [Alice]." (June 10, 1997 Jgmt. Entry at 10.)  The decree of divorce specifically provided that "the spousal support must continue to be paid until the death, remarriage or cohabitation of [Alice] with an unrelated adult male or until the death of [Patrick]" and that "the spousal support must, due to the circumstances of [Alice's] health and work history and due to the parties' respective incomes and earning abilities, be subject to modification in the future." (June 10, 1997 Jgmt. Entry at 8-9.)

{¶ 3}   Both parties filed a notice of appeal from the June 10, 1997 judgment entry.  Following mediation, on August 27, 1997, the parties filed a joint Civ.R. 60(B) motion in the trial court, agreeing to modify the decree of divorce and to dismiss their appeals.  On the same day, the trial court filed an agreed entry modifying the June 10, 1997 decree of divorce.  The agreed entry did not change any of the trial court's factual findings, but altered several orders regarding property division and attorney fees payments.  Furthermore, the agreed entry did not modify Patrick's spousal support obligation or his obligation to provide insurance coverage for Alice.

{¶ 4}   On November 20, 1997, Patrick filed a motion to modify spousal support.  In his memorandum in support, Patrick asserted the trial court should terminate his spousal support obligation and the order to maintain insurance coverage for Alice because he was discharged from his employment effective October 7, 1997 with compensation continuing until December 31, 1997.  On February 6, 1998, Alice filed a memorandum in opposition to Patrick's November 20, 1997 motion to modify.

{¶ 5}   On May 26, 1998, Alice filed a motion for an order to show cause and for attorney fees, alleging that Patrick had failed to provide spousal support in accordance with the decree of divorce.  On June 15, 1998, Patrick filed a memorandum contra Alice's May 26, 1998 motion.

{¶ 6}   On May 27, 1998, a magistrate filed an order determining that Patrick established a change in circumstances that was not contemplated by the parties at the time of the August 27, 1997 agreed entry.  On June 5, 1998, Alice filed a motion to set aside the magistrate's order.  On July 9, 1998, the trial court filed an entry finding Patrick

in contempt of court for failure to provide spousal support as required by the decree of divorce. On October 8, 1998, the trial court filed a judgment entry sustaining Alice's objections to the magistrate's order and dismissing Patrick's November 20, 1997 motion to modify. In the judgment entry, the trial court found that Patrick obtained new employment on March 31, 1998. On July 27, 1999, this court issued a decision reversing the trial court's dismissal of Patrick's motion to modify. *See Talley v. Talley*, 10th Dist. No. 98AP-1368 (July 27, 1999).

{¶ 7} On May 15, 2000, Alice filed a motion to modify spousal support, requesting an increase in Patrick's spousal support obligation. On September 19, 2001, the trial court filed an agreed entry dismissing Alice's May 15, 2000 motion to modify spousal support and Patrick's November 20, 1997 motion to modify spousal support.

{¶ 8} On December 10, 2003, Patrick filed a motion to modify or terminate spousal support, asserting that he was discharged from employment effective December 12, 2003. On April 28, 2004, Alice filed a motion for attorney fees and a motion to dismiss Patrick's December 10, 2003 motion to modify or terminate spousal support. On July 26, 2004, the trial court filed an agreed entry granting Patrick's December 10, 2003 motion to modify spousal support and withdrawing without prejudice Alice's April 28, 2004 motions. Pursuant to the agreed entry, the trial court reduced Patrick's spousal support obligation to $500 per month, plus processing charges, effective January 4, 2004.

{¶ 9} On October 15, 2004, an administrative hearing officer with the Franklin County Child Support Enforcement Agency filed an Administrative Mistake of Fact Hearing Decision, finding that, as of September 30, 2004, Patrick owed an arrearage of $2,530.67 in spousal support and $185.82 in processing charges. The hearing officer recommended the trial court order the arrearage liquidated at the rate of $100.00 per month in addition to Patrick's ongoing spousal support obligation. Neither party objected to the October 15, 2004 hearing officer's decision. On December 1, 2004, the trial court adopted the October 15, 2004 decision as an order of the court.

{¶ 10} On March 10, 2008, Patrick filed a motion to modify spousal support. On September 23, 2008, Alice filed a motion to compel discovery and a motion for contempt, asserting that Patrick failed to comply with the requirements of the July 26, 2004 agreed entry. On March 2, 2009, the trial court filed an agreed entry granting Patrick's motion to

modify spousal support and withdrawing without prejudice Alice's motion to compel discovery and motion for contempt. Pursuant to the agreed entry, the trial court reduced Patrick's spousal support obligation to $300 per month, plus processing charges, effective December 18, 2008. Additionally, the trial court ordered that Patrick's arrearages accrued to December 18, 2008 would be fixed at $11,000.

{¶ 11} On September 6, 2013, Patrick filed a motion to terminate or modify spousal support. Specifically, Patrick requested the court terminate his spousal support obligation or reduce the amount he was obligated to pay to $5 per month. On December 13, 2013, Patrick filed a motion for default judgment pursuant to Civ.R. 55(A). On May 16, 2014, Patrick filed a motion for attorney fees.

{¶ 12} On April 2, 2015, the magistrate filed a judgment entry denying Patrick's motion for default judgment, pursuant to Civ.R. 55(A), granting his motion to terminate spousal support, and awarding him $600 in attorney fees.

{¶ 13} On April 15, 2015, Alice filed objections to the April 2, 2015 magistrate's decision. On April 24, 2015, Patrick filed an answer to Alice's objections. On July 30, 2015, the trial court sustained Alice's objections to the April 2, 2015 magistrate's decision, vacated the magistrate's decision, and denied Patrick's September 6, 2013 motion to modify spousal support. Patrick has timely filed a notice of appeal to this court.

## II. Assignments of Error

{¶ 14} Patrick assigns the following two assignments of error for our review:

> [I.] The trial court abused its discretion when it sustained [Alice's] objections to the Magistrate's Decision to terminate spousal support.

> [II.] The trial court abused its discretion when it sustained [Alice's] objection to the Magistrate's Decision to award [Patrick] attorney fees.

## III. Discussion

### A. First Assignment of Error—Spousal Support

{¶ 15} In his first assignment of error, Patrick asserts the trial court abused its discretion in sustaining Alice's objections to the April 2, 2015 magistrate's decision which granted Patrick's motion to terminate his spousal support obligation and awarded him attorney fees. In support of this assertion, Patrick argues that (1) the statement in the magistrate's decision that there was "insufficient information * * * to demonstrate a

substantial change in circumstances" was a clerical error and not a substantive finding; (2) the foreseeability of Patrick's retirement was an improper basis to vacate the magistrate's decision; and (3) sufficient evidence supported the magistrate's decision. (Apr. 2, 2015 Mag. Dec. at 8.)

{¶ 16} We review a trial court's decision regarding modification of spousal support for an abuse of discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983), paragraph one of the syllabus. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted.) *Id.* at 219, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 17} "A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. *See also Friesen v. Friesen*, 10th Dist. No. 07AP-110, 2008-Ohio-952, ¶ 39 ("A change in circumstances justifying a modification of spousal support must be material, not brought about purposely by the moving party, and not contemplated at the time of the prior order."). R.C. 3105.18(F)(1) provides:

> [A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:
>
> (a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.
>
> (b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was for[e]seeable.

R.C. 3105.18(F)(2) provides in pertinent part that "[i]n determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties." Thus, "[a]lthough R.C. 3105.18(F) sets forth a partial listing of what can be considered as a

change of circumstances * * * for purposes of establishing trial court jurisdiction, it does not alter the requirement that a trial court must find a substantial change in circumstances before modifying a prior order for spousal support."  *Mandelbaum* at paragraph one of the syllabus.

{¶ 18} "The party who seeks a modification of spousal support bears the burden of showing that a modification is warranted."  *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, ¶ 14 (10th Dist.). The burden of proof has two parts.  *Id.*, citing *Joseph v. Joseph*, 122 Ohio App.3d 734, 736-37 (2d Dist.1997).  "First, the moving party must present evidence proving the jurisdictional prerequisites—the reservation of continuing jurisdiction in the decree and the existence of a substantial change in circumstances not anticipated at the time of the divorce."  *Id.*, citing *Peters v. Peters*, 12th Dist. No. CA2009-04-037, 2009-Ohio-5929, ¶ 15.  "Second, the moving party must adduce evidence demonstrating that the existing award of spousal support is no longer appropriate and reasonable."  *Id.*, citing *Churchia v. Churchia*, 11th Dist. No. 2008-G-2846, 2009-Ohio-1486, ¶ 13.  *See also Joseph* at 736 ("Even after the movant demonstrates a substantial change of circumstances, the burden does not shift to the obligee to demonstrate a continuing need for support, or that the existing award is unnecessary or unreasonable.").

{¶ 19} When considering a request for spousal support, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."  *Kaechele v. Kaechele*, 35 Ohio St.3d 93 (1988), paragraph two of the syllabus.  *See also Friesen* at ¶ 39 ("The trial court must set forth the basis for its decision with sufficient detail to allow proper appellate review.");  *Georgenson v. Georgenson*, 10th Dist. No. 03AP-390, 2003-Ohio-7163, ¶ 12;  *Graham v. Graham*, 98 Ohio App.3d 396, 399-400 (2d Dist.1994).  "If the trial court fails to do so, the appellate court may remand the matter to the trial court, instructing it to provide adequate reasoning and detail regarding the basis of its decision to permit a proper review."  *Id.*  *See also Bowen v. Bowen*, 132 Ohio App.3d 616, 629 (9th Dist.1999) (finding that a trial court's "failure to make the necessary journalized findings that would have permitted modification of the award of support renders the trial court's action an abuse of discretion");  *McQuillen v. McQuillen*, 5th Dist. No. 94CA63-2 (Apr. 7, 1995);  *Conrad v. Conrad*, 8th Dist. No. 66780 (Dec. 29, 1994);  *Kelly v. Kelly*, 2d Dist. No. 2001CA19, 2002-Ohio-1888, ¶ 20.

{¶ 20} First, we must review whether the trial court possessed jurisdiction to consider the request for modification or termination of spousal support. Here, as previously mentioned, the divorce decree expressly stated that the award of spousal support was subject to modification. Therefore, the court was required to consider whether (1) a substantial change in circumstances had occurred, and (2) such change was not contemplated at the time of the original decree. *Mandelbaum* at paragraph two of the syllabus.

{¶ 21} In the April 2, 2015 decision granting Patrick's motions to terminate spousal support and for attorney fees, the magistrate found that "termination of [Patrick's] spousal support is supported by the evidence, effective September 6, 2013." (Mag. Dec. at 8.) The magistrate found that Alice's gross annual income was $22,846.76, which was "[s]lightly decreased from the last modification in 2009 when she earned $25,566.00." (Mag. Dec. at 7.) The magistrate found that Patrick's gross annual income was $27,963.00, which was "a substantial reduction from his income of $41,067.00 in 2009." (Mag. Dec. at 7.) However, the magistrate also stated that "[a]fter considering the evidence, statutory factors and equities, the magistrate finds that *insufficient* information has been adduced to demonstrate a substantial change of circumstances to warrant any reduction of [Patrick's] monthly spousal support obligation." (Emphasis added.) (Mag. Dec. at 8.)

{¶ 22} Additionally, the magistrate found that Alice owned six properties, three of which she owned from the time of the original divorce decree and three of which she owned at the time of the March 2, 2009 modification of spousal support. The magistrate separately described each of Alice's six properties, including information on location and value. However, a table in the decision listing the parties' assets and debts appears to have reversed the parties' names, such that Alice's assets and debts appear underneath Patrick's name, and Patrick's assets and debts appear underneath Alice's name.[1] On review, it is apparent based on the parties' joint stipulations and the remainder of the

| [1] | [Alice] | [Patrick] |
|---|---|---|
| Cash Assets | 1,415.00 | 41,941.64 |
| Real Estate equity | 10,400.00 | 438,032.52 |
| Retirement assets | 122,000.00 | 30,646.68 |
| Total Assets | 133,815.00 | 510,611.84 |
| Total Unsec. Debt | 18,000.00 | 1,295.55 |

(Footnotes omitted.) (Mag. Dec. at 7.)

magistrate's decision that the table erroneously reversed the positions of Alice and Patrick.  Furthermore, there is no dispute by the parties that the table is erroneous.

{¶ 23} However, Alice's counsel, in the memorandum in support of her objections to the magistrate's decision, did not point out this error to the trial court.  Instead, Alice's counsel stated as follows:

> Fourthly, Magistrate erred because the decision was against the manifest weight of the evidence. The magistrate found [Alice] had assets of $133,815.00 and [Alice] had unsecured debts of $18,000.00, while [Patrick] had assets of $510[,]611.84 and debts of $1,295.00 (see page 7 of 9 in decision). The magistrate further found [Alice's] annual income was $22,846.76,[] which was less then [sic] in 2009 when she earned $25,566.00. [Alice] had a stroke since the 2009 decision and is on social security income, while [Patrick's] annual income was $27,963.00. Therefore, the magistrate found [Patrick] has three times (3X) more assets than [Alice], (see page 7 of 9 in decision), [Alice's] debts are thirteen times (13X) more than [Patrick]. (see page 7 of 9 in decision). Also, [Patrick] was also found to have more income than [Alice]. (see page 7 of 9 in decision)[.] With less assets and more debt, [Alice] requires spousal support more than ever. Based on the significantly lower assets, higher debt, lower annual income than [Patrick], the spousal support should not be lowered or terminated.

(Emphasis omitted.)  (Appellee's Objs. to Apr. 2, 2015 Mag. Dec. at 4-5.)

{¶ 24} Furthermore, at the June 30, 2015 hearing, Alice's counsel stated:

> [I]f you look at the Magistrate's Decision, once she concludes on page 7 that his income -- if you look at the last paragraph on page 7 of 9, that she found that [Patrick's] income was more than [Alice's]. Okay? And yet she reduced her spousal support -- yet she reduced [Alice's] spousal support, even though on page 7 of 9 last paragraph shows that [Patrick] makes more since 2009.
>
> Also, when you look at the assets on page 7 of 9, and once again my client is the Plaintiff and [Patrick's] the Defendant and if -- if you look, [Alice's] total assets * * * is $133,815 on page 7 of 9, while [Patrick], Miss -- Magistrate Knisely put $510,611. Maybe those numbers should be switched but the problem is, if we switch those numbers, Your Honor, to correct that issue, we still don't know what the mindset of Ma -- Magistrate Knisely's was when she made this decision. Was she considering these assets as she wrote them in page 7 of 9,

> which based on the stipulation may be in error or probably --
> you know, in all honestly [sic] we don't know.

(June 30, 2015 Tr. at 6-7.)

{¶ 25} In response to Alice's objections, Patrick noted the "mislabeling of the '[Alice]' and '[Patrick]' columns in the chart on page 7 of the Decision." (Appellant's Ans. to Appellee's Objs. at 1.) Patrick also asserted that the magistrate's statement that there was "insufficient information to demonstrate a substantial change of circumstances" was a "clerical error and not a substantive finding of insufficiency by the Magistrate." (Appellant's Ans. to Appellee's Objs. at 2.) Neither Patrick nor his counsel appeared at the June 30, 2015 hearing.

{¶ 26} The trial court's July 30, 2015 judgment entry vacating the magistrate's decision and denying Patrick's motion for termination of spousal support stated in its entirety:

> On June 30, 2015, the Court having heard [Alice's] objection
> to the magistrate's decision hereby finds sufficient facts and
> law to grant [Alice's] objection. [Patrick's] motion to modify
> spousal support is denied.
>
> Therefore, the Magistrate's decision/Judgment entry filed
> April 2, 2015 is hereby VACATED.

(Emphasis sic.) (July 30, 2015 Jgmt. Entry.) Thus, it is unclear on what basis the trial court granted Alice's objections to the magistrate's decision. Furthermore, based on Alice's counsel's representations to the trial court, it is unclear whether the trial court was aware of the errors in the magistrate's decision.

{¶ 27} Therefore, on the facts and circumstances of this case, we find the trial court failed to provide sufficient detail to enable meaningful appellate review. *Kaechele* at paragraph two of the syllabus; *Friesen* at ¶ 39; *Georgenson* at ¶ 12; *Infinite Sec. Solutions, L.L.C. v. Karam Props., II*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29, citing *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118 (1990) ("[A] court speaks only through its journal entries."). Accordingly, we sustain Patrick's first assignment of error in part for the sole purpose of remanding this case to the trial court "to provide adequate reasoning and detail regarding the basis of its decision to permit a proper review." *Graham* at 400.

**B. Second Assignment of Error—Attorney Fees**

{¶ 28} In his second assignment of error, Patrick asserts the trial court erred by sustaining Alice's objections to the magistrate's decision to award attorney fees. In light of our resolution of Patrick's first assignment of error, his second assignment of error is rendered moot.

## IV. Conclusion

{¶ 29} Having sustained Patrick's first assignment of error in part and rendered moot his second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded with instructions.*

KLATT and SADLER, JJ., concur.